In the Matter of WILLIAM F. BLEAKLEY et al., as Commissioners Appointed to Investigate the Administration of the Workmen's Compensation Law of the State of New York, Respondents, against JAMES F. SCHLESINGER, Appellant.

Argued April 9, 1945; decided June 7, 1945.

*Jacob J. Rosenblum, Eugene L. Garey, Arthur A. McGivney* and *Wm. Francis Corson* for appellant. I. There has been no " refusal " to produce records, and, therefore, there can be no commitment under section 406 of the Civil Practice Act on this ground. (*Boorman* v. *Atlantic and Pacific R. R. Co.,* 78 N. Y. 599; *Hopson* v. *United States,* 79 F. 2d 302; *Munroe* v. *United States,* 216 F. 107; *Palmer* v. *United Press,* 67 App. Div. 64; *In re Weisberger,* 43 F. 2d 258; *In re Nevin,* 278 F.

601; *In re Taylor*, 114 F. 607; *In re Williams Supply Co.*, 77 F. 2d 909; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219.) II. The witness cannot be compelled to answer the five questions as directed by the Appellate Division or to state the reasons for his inability to produce the books because the answers to such questions would incriminate him. (*Counselman* v. *Hitchcock*, 142 U. S. 547; *Matter of Doyle*, 257 N. Y. 244; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253; *The People* v. *Hackley*, 24 N. Y. 74; *People* v. *Sharp*, 107 N. Y. 427.) III. There is no applicable immunity statute, and therefore the witness cannot be compelled to give self-incriminating testimony. (*Matter of Doyle*, 257 N. Y. 244.)

*Herman T. Stichman, Carl E. Heilman* and *Herman Cohen* for respondents. I. The rule that officers of a corporation subpœnaed as such to produce corporate books in their custody may not refuse to produce them because of possible self-incrimination would be completely abrogated if production were excused because of an unsupported claim of inability such as that made by appellant. Officers of a corporation must produce its records under process regardless of possible effects upon their personal interests. (*Wilson* v. *United States*, 221 U. S. 361; *Essgee Co.* v. *United States*, 262 U. S. 151; *Pray* v. *Blanchard Co.*, 95 App. Div. 423; *People* v. *Buffalo Gravel Corporation*, 195 N. Y. S. 940; *United States* v. *Austin-Bagley Corp.*, ,31 F. 2d 229, 279 U. S. 863; *United States* v. *Illinois Alcohol Co.*, 45 F. 2d 145, 282 U. S. 901.) II. The evidence was undenied that appellant, a corporate officer, last had possession of the books of the corporation which are sought. His unsupported allegation of inability to produce is insufficient and his conduct constitutes a refusal. (*Fenlon* v. *Dempsey*, 50 Hun 131; *Perrow* v. *Lindsay*, 52 Hun 115; *Press Publishing Co.* v. *Associated Press*, 27 Misc. 90, 41 App. Div. 493; *Matter of Holley Manufacturing Co.* v. *Venner*, 74 Hun 458, 143 N. Y. 639, 86 Hun 42; *Union Trust Co.* v. *Driggs*, 49 App. Div. 406; *McCreery* v. *Ghormley*, 6 App. Div. 170; *Palmer* v. *United Press*, 67 App. Div. 64; *Dittmar* v. *Michelson*, 281 F. 116; *Oriel* v. *Russell*, 278 U. S. 358; *Matter of Epstein*, 206 F. 568, 210 F. 236; *In re Williams Supply Co.*, 77 F. 2d 909, 296 U. S. 612; *In re Arctic*

*Leather Garment Co.,* 89 F. 2d 871.) III. The right to compel production necessarily implies the correlative obligation to explain a failure to produce. Any other result would be unreal and defeat the rule requiring production of corporate books by corporate officers such as this appellant. (*United States* v. *Goldstein,* 105 F. 2d 150.) IV. We would have preferred an order providing for the commitment of the appellant until he produced the books, and have no objection to a modification of the present order so that it shall so provide.

DYE, J. The issue here is whether a corporate officer may be committed for contempt as provided in section 406 of the Civil Practice Act for refusing to produce certain corporate books shown to have been last seen in his possession on the ground that he is unable to do so, such officer having declined to answer questions calculated to explain his inability to produce for the reason that the answers might tend to degrade or incriminate him.

The circumstances creating the question are briefly summarized as follows:

On January 4, 1943, the Governor of the State, pursuant to section 8 of the Executive Law, appointed the respondents herein as Moreland Commissioners to examine and investigate the administration of the Workmen's Compensation Law of the State of New York and empowered the commissioners to subpœna and enforce the attendance of witnesses and to require the production of any books or papers deemed relevant or material.

In the course of the investigation the commissioners undertook to look into the affairs and business dealings of Bendiner and Schlesinger X-Ray Laboratories, ·Inc., with particular reference to its practice of dividing its fees with referring physicians for X rays made of patients receiving workmen's compensation benefits.

An examination was made of the corporate files and records, which, among other things, revealed that an item record of the fee sharing of "kickbacks" made each year had been kept in a black book; that these yearly books were in the possession of the appellant, who was secretary-treasurer and administrative head of the subject corporation, as recently as January, 1943. Under date of May 4, 1943, the commissioners issued a

subpœna duces tecum addressed to the appellant, as such secretary-treasurer of the Bendiner and Schlesinger X-Ray Laboratories, Inc., which directed him to appear and testify and to produce " all books, ledgers, documents and writings recording all details of disbursements of cash from January 1, 1940 to date ". The witness duly appeared, but refused to produce the black books containing the record of kickback payments, saying: " I am unable to produce them ".

The aforesaid commission then sought an explanation of the refusal by propounding certain questions to the witness, which with his respective answers are taken from the record as follows: " Q. Commissioner Bleakley has directed, and I now direct you, to produce those books. Will you produce them? A. I said I am unable to produce them. Q. Why are you unable to produce them? A. I refuse to answer on the grounds that it may tend to incriminate or degrade me. Q. Have you turned those books over to anybody? A. I refuse to answer that question upon the same grounds. Q. Do you know where those books are today? A. I refuse to answer that question upon the same grounds. Q. Are you acting upon the advice of anyone in refusing to produce them? A. I refuse to answer that question."

An application was thereupon made at Special Term for an order directing the appellant Schlesinger to show cause why a warrant of attachment should not be issued committing him to jail until he produced the books. The Special Term entered an order denying the application, which the Appellate Division reversed and committed Schlesinger, giving him five days, however, in which to answer stated questions of the general tenor of the questions above quoted, on the ground that his refusal either to produce the books or explain his failure to do so was unreasonable within the meaning of section 406 of the Civil Practice Act.

It should be pointed out that the appellant claims no exception under the long-recognized rule that a corporate officer can not refuse to produce its books and records on the ground that the disclosure might incriminate the corporation (*United States* v. *Austin-Bagley Corporation*, 31 F. 2d 229), or that the contents of such books might incriminate an officer thereof (*Wilson* v. *United States*, 221 U. S. 361), but seeks to justify his tenuous position by claiming that distinction exists between his refusal to produce the books on the ground that they might incriminate

him, on the one hand, and his failure to produce the books because he is "unable to" plus his unwillingness to explain his inability to produce them because of his resolute conclusion that the answer would tend to incriminate him as an individual on the other. (N. Y. Const., art. I, § 6.)

The purpose of the subpœna was the production of certain corporate books last seen in the appellant's possession in January of 1943, which possession he does not deny. Neither is there any dispute that the custodial function was an incident of his duty as a corporate officer nor that he was bound to keep the books safely and produce them on demand. The appellant's escape-mechanism offered in defense of his refusal to produce, while ingenuously simple in its conception, if given validity, could very well circumvent the most diligent efforts of public officials in the investigation of corporate activities. When one accepts a position as an officer of a corporation, he must expect to perform, diligently and unequivocally, the ordinary and usual incidents of the office. Not the least of these official obligations is to respond promptly to reasonable, regulatory rules enacted by the State, which cannot be avoided simply because the task is unpleasant and fraught with unhappy consequences to him as an individual. A corporate officer, as an individual, does not lose the protection guaranteed him by the Constitution; nevertheless, while performing corporate functions, officers must abide by and conform to the laws applicable to the corporation. To allow him to determine that the quality and effect of his answer as to his inability to produce the books would tend to degrade or incriminate him as an individual would create an immunity for the corporation which is neither found in the Constitution nor authorized by statute.

Production of the books is a reasonable corporate requirement and the appellant herein, as a corporate officer, must either produce the wanted corporate books or give a reasonable explanation of his inability to do so, with the alternative of commitment as ordained by section 406 of the Civil Practice Act.

That does not mean, however, that in the absence of an immunity statute, and here there is none, he should be compelled to give answers that would degrade or incriminate him as an individual within the meaning of the Constitution unless he chooses that as an alternative to production of the books.

The orders should be reversed and the matter remitted to Special Term with directions to issue a warrant committing the respondent to jail, there to remain until such time as he produces the books or gives a reasonable explanation of his inability to do so.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.