Abraham J. Gellinoff, J.
The defendant, a Supervisor with the Department of Buildings, was under investigation for the acceptance of unlawful fees and bribery. On November 24, 1965 he testified before the Fourth November 1965 Grand Jury. Before being sworn he was told that he was being called before the Grand Jury as “ a prospective defendant ”. He was further told that he had an “ absolute right to remain silent as to any questions ” put to him by the Grand Jury (N. Y. Const., art. I, § 6); that, under the City Charter of New York (New York City Charter, § 1123; see, also, N. Y. Const, art. I, § 6), if he refused to sign a 1 ‘ limited ’ ’ waiver of immunity, he ‘ ‘ can, subsequent to a formal hearing, lose ” his job; that, although he can lose his job, this in no way detracts from his constitutional right to remain silent; and that when he signed the limited waiver, what he said before the Grand Jury could be used against him later. Notwithstanding the foregoing admonition, defendant signed a waiver of immunity from indictment, prosecution and punishment for or on account of or relating to the conduct of his office or the performance of his official duties. The defendant then was sworn and testified.
The Grand Jury which heard defendant testify indicted him of bribery under two counts, taking unlawful fees under two counts, and perjury in the first degree under five counts. The case has been moved for trial and the court has conducted a hearing in aid of defendant’s motions (1) to dismiss the indictment, and (2) to suppress the testimony given by defendant *840 before the Grand Jury. The only evidence at the hearing consisted of the reading into the record of the admonition given defendant before he was sworn.
Garrity v. New Jersey (385 U. S. 493) holds, in substance and effect, that a “ waiver ” is coerced and made under duress where the threat of discharge from Government employment is used to secure incriminatory evidence against an employee. Following that principle, this court must hold that, under the particular facts in the case at bar, the limited waiver executed by defendant is a nullity.
Since the defendant concededly was a prospective defendant and his waiver of immunity from prosecution a nullity, his constitutionally conferred privilege against self incrimination is deemed violated by his having been “ called and examined ” before the Grand Jury (People v. Steuding, 6 N Y 2d 214, 216-217). Accordingly, “ the indictment returned by the Grand Jury before which the defendant testified” and “ based on * * * incriminating testimony which he may have given ” (People v. Steuding, supra, p. 217; emphasis supplied) must be dismissed (id.).
The court has read the Grand Jury minutes and finds the evidence, apart from defendant’s own testimony (which, in the main, was self-exculpatory), sufficient to warrant the indictment. However, since defendant’s own testimony may be deemed incriminating in the sense that it may be considered as supplying corroboration and identification of his voice on tape recordings, the court is constrained to, and hereby does, dismiss the two counts of bribery and the two counts of taking unlawful fees, without prejudice to the resubmission of the case to another jury.
But it does not follow that the five counts charging perjury must also be dismissed. “ Merely being compelled to appear in pursuance of a subpoena, and be sworn, is no violation of a constitutional privilege ” (People ex rel. Hummel v. Davy, 105 App. Div. 598, 603, affd. 184 N. Y, 30). “ Appearing before a grand jury is not in itself an unduly coercive situation ” (United States v. Cleary, 265 F. 2d 459, 462). There is nothing either in the Garrity (supra) or Steuding (supra) decisions which holds that false testimony under oath — given even in a proceeding where self incriminating testimony is being compelled — is protected from criminal responsibility. Garrity holds that confessions obtained under threat of removal from office may not be used in subsequent criminal proceedings (supra, p. 500). Steuding (supra) holds that an indictment based on incriminating testimony obtained in violation of the privilege against self *841 incrimination is invalid, and that such incriminating testimony may not be used. Obviously, what both these decisions mean is that self incriminating statements — made under compulsion to tell the truth under oath — may not be used as proof of the facts confessed. They do not mean that false statements — made in evasion of the compulsion to tell the truth under oath — may not be used as proof of the fact that the false statements were made.
Accordingly, as to the remaining five counts charging perjury (counts 5 to 9 inclusive), the motion to dismiss is denied. In People v. Tomasello (27 A D 2d 562) the Appellate Division of the Second Department has held otherwise. But this court is constrained to follow the decision of the Appellate Division, First Department, which, in a recent case (People v. Goldman, 27 A D 2d 903), appears to have upheld the validity of a perjury indictment under circumstances similar to those at bar.
The motion to suppress defendant’s testimony is granted to the extent that all of it — except defendant’s answers alleged in counts 5 to 9 to be perjurious and the questions on which they are predicated — may not be used at the trial.