Abraham J. Gellinoff, J.
The defendant, a Supervisor with the Department of Buildings, has been indicted of six separate crimes of which four are perjury in the first degree. He has moved to dismiss the indictment and to suppress the testimony given by him before the Grand Jury. Preliminary to a trial, the court has conducted a hearing to determine the facts.
*842 On November 16,1965, defendant appeared before the Fourth November 1965 Grand Jury. Prior to being sworn, he was advised that he was a potential defendant; that “a public official when called upon to testify concerning the performance of his duty and the conduct of his office is required to sign a waiver of immunity”; that he nevertheless had the absolute right to refuse to testify as to any matter which may tend to incriminate him; that by signing a waiver he was waiving his constitutional privilege against self incrimination; and that his testimony would be used against him.
The following then ensued:
“ Q. Now, you understand everything I have said to you up to now? A. Yes.
“ Q. Are you prepared at this time to sign a waiver of immunity and testify? A. I am prepared to testify and cooperate fully with the Grand Jury. I am prepared to sign a waiver with the advice of counsel.
“ Q. In other words, you would like to speak to an attorney? A. Yes. ”
The defendant was not sworn, and was directed to appear the following day. He later appeared before the same Grand Jury and testified under a limited waiver of immunity after having consulted an attorney.
On January 20, 1966, he appeared before the Fifth January 1966 Grand Jury. Here, again, before being sworn, he was given the same information and his rights were explained to him in a manner similar to the explanation that had been made to him before the Fourth November 1965 Grand Jury.
The following then transpired :
“ Q. After consulting an attorney, you did sign- a waiver and testified before the Fourth November Grand Jury; that correct? A. Yes, sir.
“ Q. You signed a new waiver; is that correct, for this Grand Jury; is that correct, sir? A. Yes, sir.
“ Q. And did you do that voluntarily, understanding-everything that we just discussed? A. Yes, sir.
“ Q. And are you now ready to voluntarily testify under that waiver? A. Yes, sir. ”
After the foregoing was received in evidence at the hearing before the court, the defendant did not testify and offered no evidence.
On the basis of this record the court finds that defendant, after consultation with counsel, and with full knowledge of his rights, voluntarily signed the waiver and voluntarily testified. His testimony was not the result of coercion in fact or in law. *843 Indeed he had expressed himself before the former Grand Jury as “ prepared to testify and cooperate fully with the Grand Jury. ” Whether, as suggested in Garrity v. New Jersey (385 U. S. 493, 499), defendant was “ anxious to make a clean breast of the whole affair ’ ’ and volunteered the information, or whether he thought he was not involved in wrongdoing, or whatever the reason, is beside the point. The fact is that, on the evidence before the court, there is no basis for a finding that defendant’s testimony was coerced, or given under duress, or in misapprehension of his rights.
The facts in this case are entirely different from those in People v. Jones (53 Misc 2d 838) decided simultaneously herewith.
The court has read the Grand Jury testimony and finds the evidence sufficient. The motions are in all respects denied.