■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CHARLES J. LETO, Respondent. — Appeal from an order of the County Court of Albany County, entered July 3, 1972, which granted defendant's motion to dismiss certain indictments. During the winter of 1969–1970, defendant contracted with the City of Albany for the purpose of providing equipment and services for snow removal. In March, 1971 the District Attorney of Albany County was conducting an investigation concerning contracts and snow removal business of the City of Albany during the 1969–1970 winter season. Defendant was served with a personal subpoena and a subpoena duces tecum which required him to produce before the Grand Jury all cash receipts and disbursements ledgers, purchasing vouchers, journals, general ledgers, all pay records, including employees' time and attendance records, all property inventory records, all bills and invoices, bank statements and canceled checks and motor vehicle dispatching records relating to transactions occurring between November 1, 1969 and March 30, 1970. The defendant appeared on March 17, 1971 and was asked to sign a waiver of immunity, which he refused. He was thereafter taken before the Grand Jury where he testified and turned over to the Grand Jury all his records called for by the subpoena duces tecum. On May 26, 1971 he was indicted on two charges of violating section 175.35 of the Penal Law and two charges of violating section 155.35 of the Penal Law relating to the filing of false claims for his contract work. Defendant moved to dismiss the indictments on the ground that he was a target of the investigation and a prospective defendant and that, by reason of his testimony before the Grand Jury, he obtained immunity, which motion was granted. It is well settled that a person who is a possible defendant or " target " of a Grand Jury investigation should not be called as a witness in the Grand Jury proceeding and, if he is called and testifies without waiving immunity, no evidence given by him may be subsequently used against him in a criminal proceeding despite his failure to raise his constitutonal privilege against self incrimination. (Former Code Crim. Pro., § 619-c; *People* v. *Yonkers Contr. Co.,* 17 N Y 2d 322; *People* v. *Laino,* 10 N Y 2d 161; *People* v. *Steuding,* 6 N Y 2d 214; *People* v. *De Feo,* 308 N. Y. 595.) The status of defendant clearly was that of a prospective defendant when he was subpoened and when he testified and produced documentary evidence before the Grand Jury, and he thus gained immunity from prosecution. The indictments were properly dismissed. (*People* v. *Steuding, supra.*) Order affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.