■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MACLACHLAN and WILLIAM SCHAUB, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the County Court, Dutchess County, each rendered November 10, 1976, convicting them of grand larceny in the second degree, upon their pleas of guilty, and imposing sentence. The appeal also brings up for review two orders of the same court, dated June 18, 1975 and July 16, 1975, which denied defendants' respective motions to dismiss the indictment on the ground that they had been granted immunity when they testified before the Grand Jury. Judgment and orders reversed, on the law, and indictment dismissed. Defendants are officers of B. N. B. Realty Corp. Each defendant as a director, officer or custodian of the corporation, was served with a subpoena duces tecum ordering him to appear before the Dutchess County Grand Jury and directing him to produce all records of B. N. B. Realty Corp. relating to the corporate purpose and business for the period from January 1, 1971 through January 5, 1974. On September 11, 1974 defendant MacLachlan appeared before the Grand Jury, without having waived immunity. In response to certain questions he testified that he had signed certain records as vice-president and secretary of B. N. B. Realty Corp.; that the records he produced before the Grand Jury were the books and records of B. N. B. Realty Corp.; that to his knowledge there were no other books or records and that he did not know whether the corporation kept a separate book of trust asset accounts. On October 28, 1974 defendant Schaub appeared before the Grand Jury without having waived immunity. In response to certain questions he testified that, to his knowledge, no separate books regarding trust asset accounts were kept by the corporation and that he personally kept no such books or records. On December 4, 1974 the defendants were indicted and charged with 19 counts of grand larceny in the second degree, based upon violations of section 79-a of the Lien Law, which provides, in part, that failure by a trustee to "keep the books or records required by section seventy-five [specific records of trust asset accounts] shall be presumptive evidence that the trustee has applied or consented to the application of trust funds * * * for purposes other than a purpose of the trust as stated in section seventy-one." Failure to comply with section 79-a subjects the violator to an indictment for larceny under the Penal Law. A corporate officer or employee is required to produce the

corporate books or records pursuant to a subpoena duces tecum and does not gain immunity from prosecution based upon the material in those books or records, even if the documents would tend to incriminate him personally *(Curcio v United States,* 354 US 118; *Wilson v United States,* 221 US 361; *Matter of Bleakley v Schlesinger,* 294 NY 312).* In the absence of an immunity statute, however, such a person cannot be compelled to answer questions which would incriminate him as an individual *(Matter of Bleakley v Schlesinger, supra,* p 317). Defendants were compelled to testify pursuant to CPL 190.40 and, pursuant to that statute, gained immunity from prosecution as a result of the incriminating nature of their testimony. If the testimony of defendants had been limited solely to an identification of the books and records, which they had a duty to produce, they would not have gained immunity pursuant to CPL 190.40, since such testimony is clearly contemplated as being within the duty to produce corporate records. The inquiries directed to defendants before the Grand Jury were not limited to an identification of the corporate books and, as such, defendants' answers to those inquiries afforded them immunity from prosecution (see *People v Leto,* 41 AD2d 877). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.