OPINION OF THE COURT
Stanley Gartenstein, J.
The respondent in this proceeding is charged with robbery in the first degree under section 160.15 of the Penal Law, an act defined as a designated felony under the Juvenile Justice Reform Act of 1976 (L 1976, ch 878). The alleged coperpetrator is before the adult criminal justice system similarly charged.
During the course of the trial, respondent caused a subpoena to be served upon his coperpetrator currently being held by the Department of Correctional Services pending trial. This was done despite a special appearance by the coperpetrator’s attorney during the course of proceedings to represent on record that his client would invoke a blanket privilege against self incrimination under the Fifth and Fourteenth Amendments. The coperpetrator now moves for an order quashing this subpoena in its entirety. Respondent’s counsel opposes the motion to quash claiming that the subpoenaed witness must first submit to the court and be sworn before invoking his constitutional privilege against self incrimination during the course of the trial. It is argued that compulsion to appear and be sworn is not offensive to constitutional protections (citing People v Jones, 53 Misc 2d 838) and that this court must weigh and rule on the claim of constitutional privilege when specifically invoked.
It is settled law that the right to claim the constitutional privilege against self incrimination belongs exclusively to the person who seeks to invoke it (Slater v Slater, 78 Misc 2d 13) and that the prospective witness is in the best position to determine whether or not his testimony may tend to incriminate him (Matter of Cohen, 9 AD2d 436, affd 7 NY2d 488).
The court notes authority for the proposition that a "target” of investigation or of actual criminal proceedings need not even invoke the constitutional privilege where he has indicated a refusal to waive immunity (cf. People v Leto, 41 AD2d 877; People v Laino, 10 NY2d 161).
Clearly the coperpetrator now imprisoned awaiting trial for the same occurrence now before us falls within this *1057 protected class. The court will not sanction his production knowing full well that his testimony is not only privileged but that he fully intends to make maximum use thereof. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2302, subd [b].)
The motion to quash is granted.