OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 A client cannot assert the attorney-client privilege as to documents in the lawyer’s possession if they were not
 
 *327
 
 prepared for litigation or for the purpose of seeking or imparting legal advice and they are not otherwise subject to a privilege against disclosure. The mere circumstance that the documents were revealed in confidence to a lawyer does not of itself transform the papers into privileged communications. Thus, with the exception of one document, the courts below correctly refused to quash the Grand Jury subpoena as to the documents now before this court.
 

 In 1982, a New York County Grand Jury was impaneled to investigate allegations of fraud in the negotiation of multimillion dollar loans made by a major New York bank. Among the targets of the Grand Jury’s investigation were two individuals, identified here as petitioners “A” and “B”. The Grand Jury eventually issued a subpoena to Bekins Record Storage Co., which was the repository of files of a law firm, identified here as “C & D,” which had represented the petitioners. The subpoena directed the production of all files relating to the firm’s representation of petitioners A and B.
 

 The law firm and the individuals were notified of the subpoena and given an opportunity to review the files before they were examined by the Grand Jury or persons in respondent’s office. Petitioners moved to quash the subpoena, asserting that the papers were variously immune from disclosure as attorney’s work product, as protected by the attorney-client privilege, or as subject to the Fifth Amendment protection against self-incrimination. While the matter was pending, the parties attempted to work out their differences, which resulted in petitioners’ withdrawal of their objections to a large number of documents.
 

 The remaining papers were submitted to Supreme Court for an
 
 in camera
 
 examination. After this review, petitioners’ motion was granted as to the documents in 19 files and the remainder were ordered disclosed. Petitioners appealed, focusing on 18 documents only. The Appellate Division quashed the subpoena as to two documents and otherwise affirmed.
 

 On this appeal, petitioners have further restricted their opposition to disclosure to 12 documents. Eight of the
 
 *328
 
 documents are assertedly protected from disclosure because, if they were still in the clients’ possession, their surrender would implicate the Fifth Amendment protection against self-incrimination. The remainder are claimed to be exempt from disclosure under the attorney-client privilege.
 

 Petitioners’ first argument derives from the general rule that documents, which would be protected from disclosure while in a client’s possession, will not be subject to release if they are transferred to a lawyer under circumstances giving rise to an attorney-client relationship (see
 
 Fisher v United States,
 
 425 US 391, 403-405;
 
 Matter of Vanderbilt [Rosner
 
 — Hickey], 57 NY2d 66, 76; 3 Jones, Evidence [6th ed], § 21:16, p 789; McCormick, Evidence [2d ed], § 89, pp 184-185; 8 Wigmore, Evidence [McNaughton rev, 1961], § 2307, pp 591-594). Petitioners claim that the
 
 contents
 
 of Document Nos. 17, 93, 95, 99, 102, 103, 104, and 152 would tend to incriminate them and thus are privileged, and, by virtue of the documents having been passed to their attorney in confidence for legal advice, this privilege may be asserted by the C & D law firm.
 

 Petitioners assert only their Federal right against self-incrimination. The Supreme Court has recently ruled that this right does not extend to the contents of business papers that were not created under government compulsion
 
 (United States v Doe,
 
 465 US _, 104 S Ct 1237). Of course, we are bound by that interpretation and, hence, petitioners’ Fifth Amendment claim must fail.
 

 In so ruling, this court is aware of the concern that responding to a subpoena and authenticating documents may itself be compelled, incriminating testimony. That, however, is essentially a factual determination (see
 
 id.,
 
 465 US, at p _, 104 S Ct, at pp 1242-1243;
 
 Fisher v United States,
 
 425 US 391, 410,
 
 supra; People v Copicotto,
 
 50 NY2d 222, 228-229). Except for one conclusory comment in an affidavit describing certain documents that “the statements below may have the effect of authenticating certain documents,” nothing in the record reflects that petitioners raised the claim that merely responding to the subpoena would involve a violation of the Fifth Amendment. Thus, were the issue argued here by petitioners, it would be
 
 *329
 
 deemed unproven or, alternatively, resolved against them as an affirmed finding of fact. No other ground for holding the documents privileged in petitioners’ hands having been presented, the motion to quash as to these first eight documents was properly denied as no greater protection could be obtained by turning the documents over to their attorney.
 

 As to the remaining four documents, petitioners claim these are communications protected by the attorney-client privilege. The essence of that privilege is that “evidence of a confidential communication made between the attorney or his employee and the client in the course of professional employment” shall not be disclosed without the client’s permission (CPLR 4503, subd [a]). The communication must be made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose (see
 
 Matter of Priest v Hennessy,
 
 51 NY2d 62, 68-69;
 
 People v Belge,
 
 59 AD2d 307, 308-309). Conversely, one who seeks out an attorney for business or personal advice may not assert a privilege as to those communications (see
 
 People v Belge, supra;
 
 3 Jones, Evidence [6th ed], § 21:10; McCormick, Evidence [2d ed], § 88, pp 179-181).
 

 The disposition as to two of the documents before the court is arrived at readily. There is an affirmed finding of fact, which has record support, that the information in Document No. 36 was conveyed to an attorney at C & D law firm while he was acting in a capacity as a commercial consultant. Similarly, there is such an affirmed finding that Document No. 148 was a communication unrelated to legal advice. As such, these are not communications made to the lawyer in the course of his “professional employment” and fall outside the scope of the privilege.
 

 Document No. 98 is a contract executed by petitioners on behalf of two corporations. Supreme Court declined to hold this and others privileged on the ground that “an executed legal document purports to establish rights or to impose liabilities enforceable in the public domain”, so that “[t]he parties * * * have waived any continued expectation of confidentiality with respect to the contents thereof” (118 Misc 2d 173, 184). This is an intriguing concept that this
 
 *330
 
 court need not reach, for the absence of any privilege can be determined according to settled principles.
 

 Petitioners contend that Document No. 98 is privileged because it was negotiated in confidence with their mutual attorney at C & D law firm and the contract has never been revealed to outsiders. Although superficially attractive, this. contention overlooks a fundamental point. A completed contract is a communication between the contracting parties — the clients. Whatever privilege may attach to a party’s discussions with the attorney during negotiations (see
 
 Root v Wright,
 
 84 NY 72, 76), the contract itself is not a confidential communication made by client to attorney and cannot come within the privilege.
 

 Document No. 121 is a letter from petitioner A to his attorney, relating the results of settlement negotiations that the client had been pursuing. This letter, which has not been revealed outside the attorney-client relationship, is the classic situation of the discussion by a person of a matter under litigation with his or her attorney. This document, therefore, should be protected from disclosure.
 

 Accordingly, the order of the Appellate Division should be modified by quashing the subpoena as to Document No. 121 and, except as so modified, affirmed, with costs to respondent.
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to respondent.