In the Matter of ARTIE CABASSO et al., Appellants, v ELIZABETH HOLTZMAN, as Kings County District Attorney, Respondent.—In a proceeding pursuant to CPLR 2304. to quash a subpoena duces tecum, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Meyerson, J.), dated January 15, 1986, as, upon reargument, adhered to an original determination dated October 7, 1985, denying the application.

Order affirmed insofar as appealed from, without costs or disbursements.

The petitioners seek to quash a Grand Jury subpoena duces tecum on the basis that compliance with the subpoena would violate the petitioner Artie Cabasso's privilege against self-incrimination (US Const 5th Amend; NY Const, art I, § 6). This contention is without merit. The subpoena, as originally drafted, commanded both Artie Cabasso and Gemini Speaker Systems, Inc., to produce certain specified documents. However, the court has granted the People leave to amend the subpoena to designate Artie Cabasso "as custodian of records of Gemini Speaker System, Inc." Thus, it is conceded on this appeal that the subpoena is not directed to the petitioner Artie Cabasso personally, but, rather is directed to Mr. Cabasso only in his capacity as an employee of the petitioner corporation. In this capacity, Mr. Cabasso had no privilege against self-incrimination (see, United States v White, 322 US 694, 699-700). Corporate documents cannot be shielded from

production merely because they may possibly incriminate an officer of the corporation *(Wilson v United States,* 221 US 361; *Dreier v United States,* 221 US 394; *Matter of Bleakley v Schlesinger,* 294 NY 312; *Big Apple Concrete Corp. v Abrams,* 103 AD2d 609). The petitioners' claim that the very act of producing the documents—as opposed to the actual contents of the documents themselves—would force Mr. Cabasso to incriminate himself in violation of his State and Federal constitutional rights, is also without merit. The courts have, it is true, noted that the act of production might have an incriminatory effect where individuals are compelled to produce their own personal documents *(see, e.g., United States v Doe,* 465 US 605, 613-614; *Fisher v United States,* 425 US 391; *Matter of Grand Jury Subpoena [Bekins Record Stor. Co.],* 62 NY2d 324, 328-329). However, the Supreme Court has not applied the "act of production" exception to subpoenaed corporate officers or agents, even though by producing documents pursuant to a subpoena, those officers or agents tacitly admit to the existence and the location of such documents *(Fisher v United States, supra,* at pp 412-413). The courts perceive no violation of a corporate officer's privilege against self-incrimination in such cases even though "[t]he custodian's act of producing books or records in response to a subpoena *duces tecum* is itself a representation that the documents produced are those demanded by the subpoena" *(Curcio v United States,* 354 US 118, 125). Thus, the petitioner Cabasso cannot claim that the very act of producing the corporate records amounts to a deprivation of his privilege against self-incrimination *(see also, In re Grand Jury Proceedings,* 727 F2d 941, 943-944, *cert denied sub nom. Vargas v United States,* 469 US 819; Note, *Fifth Amendment Privilege and Compelled Production of Corporate Papers after Fisher and Doe,* 54 Fordham L Rev 935). While there is some authority to the effect that the subpoenaed corporation should be allowed to designate the specific agent to produce the subpoenaed documents *(see, In re Two Grand Jury Subpoenae Duces Tecum,* 769 F2d 52), the petitioners, in their brief on this appeal, specifically reject such a resolution to this matter, and urge, instead, that the subpoena be quashed in its entirety. The petitioners are not entitled to this relief. The petitioners also argue that the subpoena is overbroad. This argument is also without merit *(see, Virag v Hynes,* 54 NY2d 437; *Matter of Eco's Food Co. v Kuriansky,* 100 AD2d 878). Lazer, J. P., Weinstein and Niehoff, JJ., concur.

Brown, J., concurs in part and dissents in part and votes to

modify the order appealed from, and grant the application to quash the subpoena to the extent of permitting the production of the subpoenaed documents by any officer, director, or managing agent of the corporation, and as so modified, thereupon to affirm the order insofar as appealed from, with the following memorandum: It is clear that the petitioner Gemini Speaker Systems, Inc., as a corporate entity, has no 5th Amendment privilege *(see, Bellis v United States,* 417 US 85, 88; *Wilson v United States,* 221 US 361; *see also, Matter of Bleakley v Schlesinger,* 294 NY 312; *Matter of Moe v Kuriansky,* 120 AD2d 594). It is also clear that the scope of the Grand Jury subpoena under review in this case is not overbroad *(see, Virag v Hynes,* 54 NY2d 437). I, therefore, join with my colleagues in the majority in concluding that the corporate documents demanded by the Grand Jury must be produced.

There remains, however, the question of whether the District Attorney, on behalf of the Grand Jury, may command not only that the corporate documents be produced, but further that they be produced by a specific agent of the corporation, i.e., the petitioner Artie Cabasso. On appeal, Mr. Cabasso argues, as he did at Criminal Term, that the mere act of producing the subpoenaed documents would tend to incriminate him. The question, then, is whether the "act of production" doctrine, which has been held applicable to records maintained by a sole proprietorship *(see, United States v Doe,* 465 US 605, 613-614), should apply to corporate records as well.

The majority holds that the act of production doctrine does not apply to corporate records. While this position is in harmony with decisions reached by various appellate courts in other jurisdictions *(see, In re Grand Jury Proceedings,* 771 F2d 143 [6th Cir], *cert denied sub nom. Morganstern v United States,* — US —, 106 S Ct 594; *In re Grand Jury Proceedings,* 727 F2d 941, 946 [10th Cir], *cert denied sub nom. Vargas v United States,* 469 US 819, *supra; Matter of Grand Jury Subpoena Duces Tecum [X] v Kuriansky,* 113 AD2d 49 [1st Dept]), there are other appellate decisions to the contrary which hold that in certain circumstances an individual may have a 5th Amendment privilege against being personally compelled to produce corporate documents *(see, In re Two Grand Jury Subpoenae Duces Tecum,* 769 F2d 52, 57 [2d Cir]; *In re Grand Jury Matter,* 768 F2d 525 [3d Cir]). As noted by the Second Circuit in the case of *In re Two Grand Jury Subpoenae Duces Tecum (supra,* at p 57), "the act of producing documents may constitute personal testimony conceding the

document's *[sic]* existence, their possession or control, or the fact that the one producing them believes them to be the documents described in the subpoena". This reasoning, it seems to me, applies equally to the case of an individual who is under subpoena in his capacity as the custodian of corporate documents as it does to that of an individual who is compelled to produce his own personal records. Under the Second Circuit's approach to the problem, subpoenas duces tecum directed at corporations should be drafted so as to permit the corporation to designate the custodian of the subpoenaed records and thus enable it to avoid, if possible, any potential infringement of the 5th Amendment rights of its officers and employees. I consider that approach to be a sound one and would adopt it in this case.

In my opinion, it is unnecessary in the case at bar to go so far as to hold, as does the majority, that the act of production doctrine is not, under any circumstances, applicable to an agent of a corporation. In this regard, I note that the District Attorney states, in her brief, that "the People are seeking to obtain the records from whatever source as would be compatible with the fifth amendment". Since the District Attorney is apparently not insistent that the records be produced by the petitioner Cabasso individually, and since the District Attorney has never represented that Mr. Cabasso is not a target of the investigation, the subpoena under review should, in my opinion, be modified so as to require the production of the documents by any officer, director, or managing agent of the corporation *(cf. Matter of Moe v Kuriansky, supra),* rather than by Mr. Cabasso, personally. With the subpoena modified in this manner, the relevant documents will be made available to the Grand Jury, the People will not suffer any prejudice, and any risk of Mr. Cabasso's being forced to incriminate himself by the act of production would be obviated.

Accordingly, I vote to grant the application to quash the subpoena to the extent of modifying it in the manner above set forth.