| |
|:---:|
| **CWCapital Cobalt Vr Ltd. v CWCapital Invs. LLC** |
| 2024 NY Slip Op 33321(U) |
| September 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653277/2018 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

CWCAPITAL COBALT VR LTD.,

Plaintiff,

- v -

CWCAPITAL INVESTMENTS LLC and CWCAPITAL
ASSET MANAGEMENT LLC,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653277/2018 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 020 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 020) 528, 529, 530, 531, 532, 533, 534, 535, 536, 539, 540, 541, 542, 543, 544, 545

were read on this motion to/for          MISCELLANEOUS                              .

In motions sequence 020, CWCapital Cobalt Vr Ltd. (Cobalt) moves pursuant to

CPLR 3104 (d) to reverse Referee Gold's[1] February 16, 2024 Order.  The Referee

performed an *in camera* review of 32 email chains[2] submitted by CWCapital

Investments LLC and CWCapital Asset Management LLC (together, CW) and

concluded that "CW's invocations of attorney-client privilege with respect to all

documents submitted for *in camera* review are sustained, with the following exceptions:

those documents CW has already produced, Document 17, and the redacted portion of

Document 9."  (NYSCEF 532, Referee's Feb. 16, 2024 Order at 5.)  The Referee stated

that

---

[1] Honorable Steven M. Gold (ret.) was appointed as Discovery Referee by September 10, 2021 Stipulation Regarding Appointment of Discovery Master. (NYSCEF 292, Stipulation.)

[2] Although CW initially asserted privilege as to 35 email chains, they have withdrawn the assertation of privilege for documents no. 4, 20, and 24. (*See* NYSCEF 532, Referee's Feb. 16, 2024 Order at n 2.)

**653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC**          **Page 1 of 14**
**Motion No.  020**

[* 1]

"The emails at issue were all written over a period of less than four weeks during which intense efforts to settle a then-pending complex commercial litigation were underway. The subject matter of the withheld emails concerns those settlement efforts, and outside litigation counsel or in-house counsel were copied on each of the withheld emails. Several of the emails contain what at first glance might appear to be financial deal terms and to be predominantly discussions of business rather than legal matters. However, the circumstances under which they were written, the fact that outside litigation counsel is the author of some of the emails and is copied on the vast majority of them, and the context I glean from my review of the entire set of emails, leads me to conclude that the emails are primarily legal in nature. To the extent various deal terms are being discussed and evaluated in the emails, it is undoubtedly in the context of the status of the pending litigation and the strengths and weaknesses of the claims and defenses asserted in that litigation. It is also clear that, in some emails, outside counsel was providing legal advice about the permissibility, as a matter of law, of some contemplated deal terms. *See, e.g.*, Email sent at 6:05 a.m. on September 2, 2015. It accordingly follows that emails discussing possible deal terms were forwarded to outside counsel at least in part to make certain that counsel agreed that the proposed terms were legally permissible.

The New York Court of Appeals has observed that '[p]roximity to litigation ... may itself reveal that the motive in a lawyer's communication was to give legal advice.' *Spectrum Syst. Intl. Corp. v. Chemical Bank*, 78 N.Y.2d 371, 380 (1991). Moreover, it has long been clear that '[c]ommunications between counsel and a client as to settlement negotiations are ... protected from disclosure as an attorney-client communication.' *Omni Health and Fitness Complex of Pelham, Inc. v. P/A-Acadia Pelham Manor, LLC*, 33 Misc. 3d 1211[A], 2011 WL 4985197, at *4 (Sup. Ct. Westchester Co., Sept. 28, 2022) citing *In re Bekins Rec. Storage Co., Inc.*, 62 N.Y.2d 324, 327 (1984). Thus, under the circumstances presented here, CW's claims of privilege are supported by established case law." (*Id*. at 4-5.)

Cobalt argues that the Referee's order is contrary to the law in that "even though the documents, on their face, did not request legal advice or convey legal advice – and no attorney appears on at least some of them – the Referee *inferred* that they were for the purpose of seeking or conveying legal advice because of the 'context' in which they were made." (NYSCEF 529, Cobalt MOL at 14.) Cobalt seeks a reversal of the

653277/2018 CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Motion No. 020

Page 2 of 14

2 of 14

[* 2]

Referee Order to the extent that it concludes that the 30[3] documents/email chains were privileged.

The standard of review of a discovery referee's decision is whether the decision is clearly erroneous or contrary to law. (*CIT Project Fin. v Credit Sussie First Boston LLC.*, 7 Misc 3d 1002[A], 2005 NY Slip Op 50406[U], *2 [Sup Ct, NY County 2005].)

> "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship. The oldest among the common-law evidentiary privileges, the attorney-client privilege fosters the open dialogue between lawyer and client that is deemed essential to effective representation. It exists to ensure that one seeking legal advice will be able to confide fully and freely in his attorney, secure in the knowledge that his confidences will not later be exposed to public view to his embarrassment or legal detriment." *(Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 623 [2016] [internal quotation marks and citations].)

"In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services." (*Priest v Hennessy*, 51 NY2d 62, 69 [1980] [citation omitted].) "The communication itself must be primarily or predominantly of a legal character." (*Spectrum Sys. Inti. Corp. v Chem. Bank,* 78 NY2d 371, 378 [1991] [internal quotation marks and citations omitted].) "Conversely, one who seeks out an attorney for business or personal advice may not assert a privilege as to those communications." (*In re Grand Jury Subpoena Served upon Bekins Record Stor. Co.*, 62 NY2d 324, 329 [1984] [citations omitted].) Further, a communication "does not become privileged merely because it was sent to an attorney." (*Spectrum Sys. Inti. Corp.,* 78 NY2d at 379; *see also United States Postal Serv. v Phelps Dodge Ref. Corp.,*

---

[3] Cobalt does not challenge the Referee's determination that Document 17 and the redacted portion of Document 9 were not privileged.

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC   Page 3 of 14
Motion No.  020

3 of 14

852 F Supp 156, 160 [ED NY 1994] ["the mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged" (citation omitted)].)

"Communications between counsel and a client as to settlement negotiations are also protected from disclosure as an attorney-client communication." (*Omni Health & Fitness Complex of Pelham, Inc. v P/A-Acadia Pelham Manor, LLC*, 33 Misc 3d 1211[A], 1211A, 2011 NY Slip Op 51895[U], *4 [Sup Ct, Westchester County 2011] [citation omitted].) However, such communications must still be "predominantly legal in nature and rendered by counsel as part of their legal responsibilities." (*Id.* [citation omitted].)

The court conducted an *in camera* review of the 30 documents submitted by CW. These documents contain emails exchanged between David Iannarone, CWCapital Asset Management LLC's CEO, Andrew MacArthur, CWCapital Asset Management LLC's asset manager for Stuy Town, Peter Briger, the co-chief executive officer of CWCapital Asset Management LLC's parent, Fortress Investment Group (Fortress), Randy Nardone, a co-founder and principal of Fortress and Drew McKnight, a managing director at Fortress, among other individuals, and CW and Fortress' external and internal legal counsel, Greg Cross, Esq. and Wallace Christner, Esq. from Venable and David Mills, Esq. (Fortress in-house counsel) and Dan Ward, Esq. (CWCapital Asset Management LLC's General Counsel). The discussions in these emails pertain to then ongoing negotiations to settle the Mezzco Action.[4]

---

[4] *PCVST Mezzco 4, LLC v Wachovia Bank Commercial Mortg. Tr. 2007-C30*, Index No. 652045/2014 (Sup Ct, NY County)

**653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC**                **Page 4 of 14**
**Motion No.  020**

[* 4]                                     4 of 14

After review, Referee Gold erred in presuming that the pre-dominant nature of the communications contained in the 30 documents was legal because of their proximity to litigation and ongoing settlement negotiations. The court reverses the Referee Order to the extent set forth below.

Document 1 (CW0571234[5])

The redacted email from Iannarone (09/09/2015, 8:29 am) provides a brief update regarding the then-ongoing settlement discussions and is addressed to among others Greg Cross, outside counsel to CW and Fortress. The redacted email from Pete Briger of Fortress (09/09/2015, 4:18:54 PM) provides a direction to Cross. Neither email was written for the purpose of obtaining legal advice or services and do not contain any legal advice. Thus, the emails are not protected by the attorney-client privilege.

Document 2 (CW0362146)

The redacted email from Iannarone (09/08/2015, 2:00:19 pm) was sent to Wes Edens at Fortress with Cross and Nardone cc'ed. Iannarone's email discusses the proposed settlement waterfall structure. However, no legal advice is sought or given in this email and the predominant purpose of this email is business rather than legal. Document 2 is not protected by the attorney-client privilege.

Document 3 (CW0571277)

The email chain starts with an unredacted email from Iannarone. The responsive redacted email from McKnight (09/10/2015, 8:37 am) is not protected by the attorney-client privilege. Likewise, the responsive email from MacArthur (09/10/2015, 12:41:21

---

[5] The court includes the bates number where provided.

**653277/2018 CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC** Page 5 of 14
**Motion No. 020**

5 of 14

pm) is not protected by the attorney-client privilege. Attorneys Cross and Mills are merely copied on these redacted emails. The communications do not solicit legal advice or services. The emails also do not contain legal advice.

Document 5 (CW0571268)

The initial unredacted email by Iannarone (09/13/2015, 4:47 pm) summarizes the negotiation discussions between Iannarone and Centerbridge's team. The redacted responsive emails from Pete Briger (09/13/2015, 8:58 pm) and from McKnight (09/14/2015, 4:43:25 am) are not protected by the attorney-client privilege. Cross and Mills are merely copied on these redacted emails. The redacted emails are discussions between businesspeople regarding the terms of the settlement proposal.

Document 6 (CW0571156)

Same as above, the initial unredacted email is by Iannarone (09/13/2015, 4:47 pm). The first redacted responsive email by Briger (09/13/2015, 8:58 pm[6]) to Iannarone is not protected by attorney-client privilege as discussed *supra* (Document 5). The next redacted email is Iannarone's response to Briger (09/14/2015, 10:58:37 am) and is also not protected by attorney-client privilege as it constitutes communication among businesspeople. Neither email was written for the purpose of obtaining legal advice or services. Again, Cross and Mills, are merely copied on these redacted emails.

Document 7 (CW0571269)

The email from Cross (09/08/2015, 11:24 am) to Iannarone and MacArthur is protected by the attorney-client privilege.

---

[6] In the email chain marked at document 6, Briger's email is time-stamped 11:58 pm.

**653277/2018  CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC**                    **Page 6 of 14**
**Motion No.  020**

[* 6]

Document 8 (CW0571199)

The redacted email from Iannarone (09/08/2015, 5:03:24 pm) forwards Centerbridge's September 8, 2015 proposal and discusses matters relevant to the settlement. The email seeks legal advice. Document 8 is protected by the attorney-client privilege.

Document 10 (CW0571308)

The redacted email from by Briger (09/13/2015, 8:58 pm[7]) to Iannarone is not protected by the attorney-client privilege as discussed *supra* (Document 5).

Document 11 (CW0571239)

The redacted email from by Briger (09/13/2015, 8:58 pm[8]) to Iannarone is not protected by the attorney-client privilege as discussed *supra* (Document 5). Iannarone's response to Briger (09/14/2015, 10:58:37 am[9]) is not protected by the attorney-client privilege as discussed *supra* (Document 6).

Document 12 (CW0571157)

The redacted email from by Briger (09/13/2015, 8:58 pm[10]) to Iannarone is not protected by the attorney-client privilege as discussed *supra* (Document 5). Iannarone's response to Briger (09/14/2015, 10:58:37 am[11]) is not protected by the attorney-client privilege as discussed *supra* (Document 6).

---

[7] In the email chain marked at document 10, Briger's email is time-stamped 3:58:22 am.
[8] In the email claim marked as document 11, Briger's email is time-stamped 11:58 pm.
[9] In the email chain marked as document 11, Iannarone's email to Briger (09/14/2015) is time-stamped 3:58 am.
[10] In the email claim marked as document 12, Briger's email is time-stamped 11:58 pm.
[11] In the email chain marked as document 12, Iannarone's email to Briger is time-stamped 3:58 am.

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC          Page 7 of 14
Motion No. 020

7 of 14

The redacted email from McKnight (09/14/2014, 5:39 pm) to Cross, Briger and Iannarone is protected by the attorney-client privilege as the communication seeks legal advice. Indeed, Cross responded that "I am available to discuss whenever the group is" (09/14/2015, 3:25 pm). The redacted email from McKnight (09/15/2015) to Cross and Mills with others on copy is also protected by the attorney-client privilege. However, the redacted responsive email by Briger stating "Perfect" (09/15/2015, 1:10:32 pm) is not protected by the attorney-client privilege.

Document 13

This email chain is protected by the attorney-client privilege. These communications are between attorney and client involving the solicitation and rendering of legal advice.

Document 14 (CW0595160)

The portion of the email chain that is withheld for privilege is a memorandum by Wallace Christner, an attorney, and contains legal advice. The memorandum is protected by the attorney-client privilege.

The redacted email by MacArthur (09/17/2016, 5:45 pm) is directed to several recipients, including Cross and Iannarone, and forwards an email from a reporter. The email does not seek legal advice from Cross, and thus, is not protected by the attorney-client privilege. Iannarone's redacted email that follows stating "Fyi" (09/17/2015, 8:19 pm) is similarly not protected. The next redacted email was sent by Brian Hanson (09/17/2015, 9:31 pm) and is addressed to Iannarone, with Ward and others copied, is protected by the attorney-client privilege as it requests legal advice.

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC          Page 8 of 14
Motion No. 020

8 of 14

[* 8]

Document 15

This email chain consists of an email from Ward and responsive emails by Iannarone and MacArthur with direction to Ward. These communications are between an attorney and client involving the rendering of legal advice and are protected by attorney-client privilege.

Document 16 (CW0582220)

As discussed *supra* (document 3), the redacted email from McKnight (09/10/2015, 8:37 am[12]) is not protected by the attorney-client privilege.

Document 18

Document 18 is an email chain containing emails between and among CW employees and CW's external counsel. These emails are protected by attorney-client privilege as they involve discussions with counsel about a settlement of a litigation.

Document 19

Document 19 is a continuation of the email chain reflected in Document 18 with the addition of email dated September 18, 2015 (9:18:42 pm) from Andrew MacArthur. These communications are privileged.

Document 21

Document 21 is an email chain comprised of seven emails between CW/Fortress and external and internal legal counsel. The email dated September 17, 2015 from David Iannarone sent at 8:58 am shall be redacted in part in so far as the sentence

---

[12] In the email chain marked as document 16, McKnight's email is time-stamped 12:37:41 pm.

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Motion No. 020

Page 9 of 14

[* 9]

starting with "an" and the sentence starting with "we" shall be redacted. The other emails are not privileged as they are not predominantly legal in nature.

Document 22

Document 22 is an email chain comprised of nine emails between CW/Fortress and external and internal legal counsel. Four of the nine emails seek legal advice.[13] These emails are privileged. However, the remaining five emails either pertain to scheduling a meeting between the people on the email chain or discuss the ongoing negotiations where no legal advice is being sought or dispensed.[14] These emails are not privileged.

Document 23

Document 23 is an email chain comprised of three emails between CW/Fortress and legal counsel. These emails reflect discussions pertaining to the Mezzco settlement between the CW/Fortress personnel. Though Cross is copied on these emails, no legal advice is being sought or dispensed and the emails reflect purely business discussions. These emails are not privileged.

Document 25

Document 25 is an email chain comprised of emails between CW/Fortress and legal counsel. The emails pertain to the possible timing of the execution of a settlement

---

[13] Email dated August 27, 2015 from Cross at 12:25 pm; email dated September 2, 2015 from McKnight at 9:12 am; email dated September 2, 2015 from Cross at 6:50 am; email dated September 2, 2015 from Briger at 6:55 am.

[14] Email dated September 2, 2015 from Mills at 10:01 am; email dated September 2, 2015 from Cross at 7:13 am; email dated September 2, 2015 from Mills at 10:33 am; email dated September 4, 2015 from MacArthur at 12:46 pm and email dated September 7, 2015 from McKnight at 5:52:58 pm.

653277/2018  CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Page 10 of 14
Motion No. 020

10 of 14

agreement. Though the legal counsel is copied on these emails, there is no solicitation of legal advice in these emails. These emails are not privileged.

Document 26

Document 26 is an email chain comprised of 3 emails between CW/Fortress and legal counsel. These emails reflect discussions pertaining to the Mezzco settlement between the CW/Fortress personnel. Though Cross is copied on these emails, no legal advice is being sought or dispensed and the emails reflect purely business discussions. These emails are not privileged.

Document 27

Document 27 contains two emails between CW/Fortress and Cross. In email dated August 28, 2015 (4:45 pm), Cross provides legal advice. This email is privileged. In his email dated August 31, 2015 (10:02:51 am), Iannarone forwards Cross's email dated August 28, 2015 and the attachment to another CW personnel. This email is also privileged as it forwards a privileged email.

Document 28

Document 28 is an email from Iannarone to other Fortress personnel. The email contains an attachment about financial projections. Though Cross is copied on this email, the email is evidently a discussion about business considerations. No legal advice has been sought or dispensed. This email is not privileged.

Document 29

Document 29 is an email chain comprised of emails between CW/Fortress and legal counsel. Though the external legal counsel Cross is copied on these emails, no

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Motion No. 020

Page 11 of 14

legal advice is being sought or given and the emails reflect purely business discussions and calculations. These emails are not privileged.

## Document 30 (CW0595158)

Document 30 is a September 9, 2015 email from Iannarone to MacArthur. Cross is copied. CW seeks to redact a portion of this email. The redacted portion of the email does not seek legal advice or relay legal advice.

## Document 31

Document 31 is an email chain comprised of emails between CW/Fortress and legal counsel. Nine[15] of these emails are between CW executives and no lawyer is copied on these emails. These emails are not protected by attorney-client privilege. In the remaining four emails in the chain[16], Cross is either giving legal advice or his legal advice is being sought or referred to by CW executives. These emails are privileged.

## Document 32 (CW0595159)

As discussed supra (document 30), this communication is not privileged.

---

[15] Email dated August 26, 2015 from Magidson at 2:31 pm; email dated August 26, 2015 from MacArthur at 3:24 pm; email dated August 26, 2015 from Magidson at 3:29 pm; email dated August 26, 2015 from MacArthur at 7:23 pm; email dated August 26, 2015 from Magidson at 7:24 pm; email dated August 26, 2015 from MacArthur at 8:23 pm; email dated August 26, 2015 from Magidson at 8:24:08 pm; email dated August 27, 2015 from Iannarone at 10:10 am; email dated August 27, 2015 from Shimizu at 8:15 am.

[16] Email dated August 26, 2015 from MacArthur at 9:25 pm; email dated August 27, 2015 from Cross at 6:39:18 am; email dated August 27, 2015 from Iannarone at 10:19 am; email dated August 27, 2015 from Shimizu at 10:23:33 am.

653277/2018   CWCAPITAL COBALT VR LTD. vs. CWCAPITAL INVESTMENTS LLC
Motion No. 020

Page 12 of 14

Document 33

Document 33 is an email chain between Iannarone and MacArthur. Though Cross is copied on these emails, no legal advice is being sought or given and the emails reflect purely business discussions. These emails are not privileged.

Document 34

Document 34 is an email chain comprised of 22 emails between CW/Fortress executives. Cross is copied on these emails. In 18[17] of these emails, counsel Cross's advice is being sought or he is giving legal advice pertaining to the ongoing negotiations for the Mezzco settlement. While most of this advice is legal in nature, some of it pertains to business or strategic considerations. Legal privilege is not vitiated by the fact that an attorney's advice includes both legal and strategic considerations as long as the predominant nature of the communication is legal. (*United States v Davis*, 131 FRD 391, 401 [SDNY 1990] [citations omitted] [holding that "[t]he mere fact that business advice is given or solicited does not, however, automatically render the privilege lost:

---

[17] Email dated September 16, 2015 from Iannarone at 1:32 pm; email dated September 16, 2015 from Cross at 10:40 am; email dated September 16, 2015 from McKnight at 1:47 pm; email dated September 16, 2015 from Cross at 1:51 pm; email dated September 16, 2015 from Iannarone at 1:55 pm; email dated September 16, 2015 from Cross at 1:57 pm; email dated September 16, 2015 from Iannarone at 1:59 pm; email dated September 16, 2015 from Cross at 2:01 pm; email dated September 16, 2015 from Iannarone at 3:01 pm; email dated September 16, 2015 from Iannarone at 3:08 pm; email dated September 16, 2015 from Cross at 3:08 pm; email dated September 16, 2015 from Iannarone at 3:09 pm; email dated September 16, 2015 from Cross at 3:09 pm; email dated September 16, 2015 from Iannarone at 3:10 pm; email dated September 16, 2015 from Cross at 3:17 pm; email dated September 16, 2015 from Iannarone at 12:33 pm; email dated September 16, 2015 from McKnight at 3:43 pm; email dated September 16, 2015 from Iannarone at 12:45 pm.

where the advice given is predominantly legal, as opposed to business, in nature the privilege will still attach"].) These emails are privileged.

However, the remaining four emails[18] where no legal advice is being given or sought are not privileged despite counsel being copied on these emails.

Document 35

Document 35 is an email chain comprised of four emails between CW/Fortress and Cross. These discussions constitute business strategy which is not privileged.

Accordingly, it is

ORDERED that Referee Gold's February 16, 2024 Order is vacated, in part, and CWCapital Investments LLC and CWCapital Asset Management LLC shall produce the documents identified as non-privileged in this decision in an unredacted form to CWCapital Cobalt Vr Ltd within five days of this decision.

202409191423936AMASLEY32BBAFA2BB2E4F55B775FF41BF94036F

| 9/19/2024 | | |
|---|---|---|
| DATE | | ANDREA MASLEY, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[18] Email dated September 16, 2015 from McKnight at 1:26 pm; email dated September 16, 2015 from Cross at 1:27 pm; email dated September 16, 2015 from Iannarone at 2:38 pm; email dated September 16, 2015 from McKnight at 4:31:04 pm.