(9 App. Div. 221.)

McCREERY et al. v. GHORMLEY et al.

(Supreme Court, Appellate Division, Second Department. October 13, 1896.)

REARGUMENT—ERROR NOT AFFECTING MOVING PARTY.

A reargument will not be granted on motion of one of several defendants where it was made on the ground that defendants' books and papers, which they were ordered to produce, contained incriminating evidence, and that the court erroneously held that the alleged crime was in the case of all defendants barred by limitation, when in fact it was barred as to the

moving party only, and the other defendants did not join in the motion, and it did not appear to have been made on their behalf.

Motion for a reargument.   Denied.

For decision on appeal, see 39 N. Y. Supp. 1036.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John F. Coffin and William P. S. Melvin, for the motion.

Eugene G. Kremer, opposed.

PER CURIAM.   The decision of the appeal in this case proceeded upon the ground that the statute of limitations had run, which barred any criminal prosecution, and, therefore, the parties would not be excused from answering or producing documents tending to prove them guilty of a criminal offense.   It is now claimed that the assumption of fact by the court that the statute had run was a misapprehension; that in fact it has not yet run.   The affidavit upon which the order to show cause is based is made by George Ryall, who is the attorney for the defendant William Ghormley, and the application is made upon his behalf.   Nothing appears in the papers to show that a reargument is sought for the benefit of any other person, or that it is made in behalf of any of the other appellants, or that they, or either of them, desire a reargument.   So far as the party making the present motion is concerned, it affirmatively appears that he made all of the transfers of which a discovery is sought as early as January 17, 1893; and reference to the testimony referred to in the affidavit which supports the motion shows that it relates to transfers made by parties other than the present applicant.   It therefore appears that, so far as William Ghormley is concerned, the statute has run, and he is not entitled to consideration on account thereof.   We may not treat this as an application on behalf of the other defendants, for they have not joined therein, nor does it affirmatively appear that it is made upon their behalf.   The privilege upon which the exemption is based is a personal privilege, and must be urged by each party in his own behalf.   Rap. Wit. § 265; Southard v. Rexford, 6 Cow. 259; Ward v. People, 6 Hill, 144.   The court should not be astute to relieve parties unless they present themselves standing clearly within the rule which they seek to invoke.   As the statute has run upon the present applicant, and none of the other defendants have asked to be relieved from the misapprehension, assuming it to exist, no cause is made for reargument.

The motion should be denied, with $10 costs.