JACOB P. MORRIS et al., Respondents, v. CELIA MOGLEN et al., Defendants, and DAVID MORRIS, Appellant.— In an action to recover damages for breach of contract, for inducing the breach, to set aside a transfer of property, etc., order denying appellant's motion to dismiss the complaint on the ground that the claim or demand was released by an agreement dated September 25, 1942, and that the action was commenced after the expiration of the statutory period of limitation, affirmed, with $10 costs and disbursements. No opinion. Order denying appellant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action modified by inserting a clause in the first ordering paragraph providing that the motion is also granted as to the third cause of action, with leave to plaintiffs to serve a new complaint within ten days after the entry of an order hereon. As thus modified, the order, insofar as appealed from, is affirmed, without costs. The third cause of action is insufficient because it fails to allege a description or identification of the property, the transfer of which is sought to be set aside as fraudulent. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES SYLVESTER, FRANK J. CICCONE and FRANK RUSSO, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES SYLVESTER and FRANK J. CICCONE, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES SYLVESTER and FRANK J. CICCONE, Respondents.— Appeal by the People from an order of the County Court of Orange County dismissing an indictment against respondents James Sylvester, Frank Joseph Ciccone and Frank Russo charging them with a conspiracy to violate sections 970 and 973 of the Penal Law, and two indictments respectively charging respondents James Sylvester and Frank Joseph Ciccone with violating section 970 of the Penal Law (common gamblers) and violating section 973 of the Penal Law, as a misdemeanor. Order reversed on the law, the motion denied and the indictments reinstated. Assuming, as we must, that the testimony before the Grand Jury is to be taken as true, a prima facie case was made out by the People. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.