■ In the Matter of the Estate of LOUIS PIACENTINI, Deceased. JOHN GARIBOLDI et al., as Executors of LOUIS PIACENTINI, Deceased, Appellants; RITA VALSECCHI, Respondent.— Motion for reargument denied, with $10 costs. Concur — Breitel, J. P., Cox, Frank, Valente and Bastow, JJ. [See 1 A D 2d 945.]

■ In the Matter of the First Intermediate Accounting of BANK OF NEW YORK et al., as Trustees under a Trust Indenture Made by DAVID G. LEGGET, Settlor, Respondents. DAVID G. LEGGET et al., Appellants; BETTY LAWFORD et al., Respondents.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and Bergan, JJ.. [See ante, p. 677.]

■ In the Matter of GEORGE J. O'CONNELL, Respondent, against JACOB GRUMET, as Fire Commissioner of the City of New York et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Cox and Frank, JJ. [See ante, p. 836.]

■ BLANCHE SWEITZER v. JOSEPH A. SCHWEITZER.— Motion to dismiss appeals granted as stated in order. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

## (November 13, 1956)

■ SOUTHBRIDGE FINISHING COMPANY, Appellant, v. JULIUS GOLDING, Doing Business as J. G. TEXTILE COMPANY, Respondent.— Order denying plaintiff's motion to direct defendant to answer questions put to him on an examination before trial or for alternative relief, unanimously affirmed. Concur — Peck, P. J., Botein, Rabin, Cox and Valente, JJ. [208 Misc. 846.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM B. DANIELS, Respondent.— There was ample legal evidence before the Grand Jury to support both the original and superseding indictments, and the admission of hearsay and other legally inadmissible evidence to the extent charged is not sufficient to vitiate the indictments (People v. Leary, 305 N. Y. 793, 796 and cases therein cited). In reviewing the sufficiency of an indictment the testimony before the Grand Jury must be taken as true, and it is not for the court to pass upon the credibility of the witnesses (People v. Bob, 233 App. Div. 94, 96–97; People v. Sylvester, 269 App. Div. 985). The district attorney may assist, but he does not control the Grand Jury. It is an independent body capable of forming its own conclusions (People v. Sweeney, 213 N. Y. 37, 45). While the assistant district attorney's handling of this case may be subject to criticism, it did not nullify the independent action by this Grand Jury, nor did it violate any of defendant's substantial rights. Order unanimously reversed, the motion to dismiss the indictments denied and both indictments reinstated. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ In the Matter of JOHN DAWSON et al., Appellants, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ In the Matter of MOSES A. MONROE, Appellant, against CHARLES L. PATTERSON et al., Constituting the New York City Transit Authority, et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.