Leonard L. Finz, J.
The rather interesting issue to be decided on this motion is whether the defendant can avail himself of the privilege against self incrimination at an examination before trial inquiring into the Federal income tax return of the defendant.
*14 The defendant was directed by order of this court to submit to an examination before trial concerning his ‘ ‘ income or financial status ” relative to this matrimonial action. Pursuant to the order, the examination was commenced, at which time the defendant produced his income tax return setting forth an amount as and for gross receipts. The .examining attorney then inquired:
“ Q. How did you arrive at the sum of $21,631.00? ” The defendant witness responded :
“I refuse to answer that question on the basis that the question might tend to incriminate me.”
“ Q. Did you take that sum of $21,631.00 from any written document? ”
Defendant witness:
“ I refuse to answer that question because the answer might, tend to incriminate me.”
As a result of the impasse, the examination was adjourned, subject to the decision of the court on this motion.
The moving examining attorney urges that the questions asked were bona fide and related to the very purpose of the examination ordered by the court. Further, that ‘ ‘ the privilege against self-incrimination cannot be invoked at this time as to those questions.”
In response, the defendant urges that the privilege afforded by the Fifth- Amendment to the United ¡States Constitution and by section 6 of article I of the New York State Constitution provides a sufficient ¡basis for the refusal of the defendant to respond to the questions asked. He argues that the defendant might be subject to the penalties of perjury under section 6065 of title 26 of the United .States Code, were he compelled to answer despite his assertion of the constitutional privilege.
In support of the motion to compel defendant to answer the questions propounded, the plaintiff relies in part on Thoresen v. Superior Ct. of State of Arizona (11 Ariz. App. 62). In the Thoresen case, the Arizona Court of Appeals addressed itself to interrogatories involving income tax returns and the constitutional privilege raised therein. The Arizona court, relying upon Hoffman v. United States (341 U. S. 479), United States v. Weissman (111 F. 2d 260) and Wild v. United States (362 F. 2d 206), compelled the party to answer questions relating to the aforesaid tax returns, stating (p. 66) that “in order to effectively invoke the privilege, a witness must establish a factual predicate from, which the court can * * * conceive of a *15 sound basis for the claim ’ ’. The Thorensen case, in analyzing the Federal court decisions on the subject, concluded (p. 67) that: “ While the judiciary is enjoined to be sensitive and ifnaginative in this area, we cannot either supply a claimant with a tenable factual hypothesis or throw up our hands and abdicate our responsibility to find a sound and realistic legal basis for the privilege claimed.”
In pressing for the proposition that the privilege is available to the defendant, it is argued that any response to questions asked “ may create the danger of criminal prosecution for commission of the crimes of perjury and/or fraud in the preparation and filing of the joint income tax returns of the party ” and that the defendant’s refusal to answer is based upon a real danger of prosecution. In this regard, the court does not quarrel with the body of law set forth in Webb v. Rosenstiel (66 Misc 2d 29), nor with the authorities cited therein. Indeed, the court is in general agreement with the cases cited in CPLR 4501 to be found in McKinney’s .Consolidated Laws of New York (Book 7B, 1969-1970 Pocket Part, pp. 175-178). The court is also mindful of Matter of Siegel v. Crawford (292 N. Y. 651), wherein the New York State Court of Appeals held it was error to compel a witness to answer a question at an examination before trial where the privilege of self incrimination had been raised, which answer would have been tantamount to the confession of a crime.
This court recognizes that the privilege protects not only answers which alone could support a criminal conviction, but all responses which could feed the chain of evidence needed to prosecute. (Hoffman v. United States, 341 U. S. 479, supra.) Moreover, the one who claims the privilege may invoke it when he has reasonable cause to fear the danger of incrimination, but in this regard he must make a showing of a “ real danger ”. “ Mere imaginary possibility of prosecution ” is insufficient to stave off the direction to respond. (Rogers v. United States, 340 U. S. 367, 375.) Although the witness may not be compelled to say more than that which asserts the privilege, “It is for the court to say whether his silence is justified ”. (Hoffman v. United States, supra, p. 486.) In the judicial determination of whether silence is indeed justified, each case must be controlled by its own facts and, as such, general rules cannot be devised to articulate the specific “ real danger ” that must be shown by the claimant. Here, the defendant “ is not exonerated from answering merely because he declares that in so doing he would incriminate himself — his say-so does not of itself establish the hazard of incrimination ”. (Hoffman v. United States, supra, p. 486.)
*16 In this, as in all difficult matrimonial disputes, the wife has a right to inquire into the financial status of her husband. While it is quite true that the husband has an absolute constitutional right to assert the privilege against self incrimination, his declaration of said assertion does not preclude any further inquiry. The difficulties that arise in these touchy matters are obvious; that is, if further inquiry were permitted to be pursued, the very matter that the Constitution seeks to protect would be divulged. 'Conversely, if the bald assertion of the privilege were accepted at face value, the substantive rights of the wife in this instance could be severely prejudiced. On balance, it would appear that the interests of justice would best be served if this examination were permitted to continue with appropriate safeguards and under the close scrutiny and supervision of this court, toward the full protection of both the substantive rights of the .wife and the constitutional privileges of the husband.
Accordingly, the motion to compel defendant’s answers is granted to the extent that the examination shall continue at this courthouse on a date and time mutually convenient, to the extent that appropriate rulings can be had as they relate to the furnishing of a factual predicate for the invoking of the privilege raised. Armed with such a factual predicate, this court will then be able to determine properly, and in the interests of justice, whether the defendant’s yoke of silence should be pierced or protected.