In the Matter of CHARLES BRENNICK, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered November 27, 1978 in Albany County, which denied an application for an order to quash subpoenas duces tecum and directed that certain records be delivered to the Grand Jury of Albany County. Petitioner has an interest in a number of New York nursing homes and related entities which have become the subject of a Grand Jury investigation conducted by the respondent Deputy Attorney-General as Special Prosecutor of the nursing home industry. In the course of this investigation subpoenas duces tecum were issued to 11 entities seeking the production of books, records and other relevant material before the Grand Jury. Four of these businesses were engaged in providing architectural, financing, management or construction services for nursing homes. While two of them are New York corporations and two are Massachusetts corporations, each is wholly owned by petitioner, a Massachusetts resident. He moved to quash all the subpoenas contending they (1) were improperly burdensome and repetitious of previous document examination undertaken by the Special Prosecutor; (2) sought documents protected by the Fifth Amendment; (3) were beyond the scope of the Special Prosecutor's authority; and (4) were not issued or served on the foreign corporations in accordance with New York law. Respondent withdrew one of the subpoenas and agreed to limit the materials sought by others, but otherwise opposed petitioner's application. Special Term denied the motion as to the remaining ten subpoenas and we conclude that its determination should be upheld as to eight of them. The argument that the production of the desired records is burdensome and repetitious is unconvincing. This is a proceeding before a Grand Jury and it is entitled to receive the available evidence in order to fulfill its statutory obligation (CPL 190.50, subd 3; *Blair v United States,* 250 US 273; see *Matter of Long Beach Grandell Nursing Home & Health Related Facility v Hynes,* 63 AD2d 665). The Fifth Amendment contention advanced by petitioner is also without merit. The fact that the corporations involved are solely owned by him does not alter the effect of the choice to conduct business in a corporate form *(Hair Ind. v United*

*States,* 340 F2d 510, cert den 381 US 950). Next, we reject the assertion that the Special Prosecutor is proceeding beyond his authorized powers by inquiring into possible violations of the Lien Law. In our view, Executive Order No. 4 (9 NYCRR 3.4), dated February 7, 1975 and issued pursuant to subdivision 8 of section 63 of the Executive Law is broad enough to encompass the contemplated investigation as being connected "with or in any way related to the management, control, operation or funding of any nursing home, care center, health facility or related entity located in the State of New York" (see *Matter of Friedman v Hi-Li Manor Home for Adults,* 42 NY2d 408). Nevertheless, we do agree with petitioner that the two subpoenas addressed to the Massachusetts corporations and served upon the New York Secretary of State should be quashed. Respondent maintains that CPL 610.40 authorized such action on his part (see CPLR 2303, 311; Business Corporation Law, §§ 304, 307). However, that provision simply governs the manner in which subpoenas may be served pursuant to CPL article 610 and that article is restricted to instances in which the attendance of a witness from within this State is desired (CPL 610.10, subd 1). Securing the presence of extraterritorial witnesses must depend on interstate agreements *(New York v O'Neill,* 359 US 1; see *People v Burgess,* 244 NY 472, 479; Judiciary Law, § 2-b). Such agreements exist and the subject is exclusively governed by CPL article 640, the provisions of which have not been followed by the Special Prosecutor. Whether the materials sought from the Massachusetts corporations are obtainable under its terms is a question not presently before us. We hold only that CPL article 610, and in particular CPL 610.40, is not available to compel the attendance of a foreign corporation at a criminal action or proceeding within this jurisdiction. Accordingly, the order of Special Term should be modified to the extent of quashing the two subpoenas directed at the Massachusetts corporations. Order modified, on the law, by reversing so much thereof as denied petitioner's application to quash subpoenas addressed to the Massachusetts corporations; motion granted as to those corporations, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.