■ STATE OF NEW YORK, Respondent, v STEVEN SKIBINSKI, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In 1976 and 1977 defendant was employed as an account clerk in the Buffalo office of the New York State Department of Taxation and Finance. During that time cash shortages were discovered and defendant was subsequently charged with the loss, the indictment containing 22 specific counts of wrongdoing. He was acquitted of all charges in 1979. The State was reimbursed for the lost funds by its insurer who was then subrogated to the State's rights and prosecutes this civil action against defendant to recover on theories of conversion and negligence. Defendant's answer asserts two affirmative defenses: first, that he was acquitted of the criminal charges and, second, that the State failed to train him to handle money properly. To meet defendant's second affirmative defense, plaintiff sought to discover the records of his training and his personal income tax returns for the years 1975, 1976 and 1977. It also attempted to examine defendant before trial. During the examination, however, defendant repeatedly invoked his constitutional privilege against self incrimination to avoid answering questions concerning his education and training. Consequently, plaintiff sought an order compelling disclosure and defendant cross-moved for a protective order. Special Term ordered defendant to produce his income tax returns for the years requested, to produce the records of his training and to appear for examination before trial before a court-appointed referee and answer all questions concerning "his education, job experience, his job training by the plaintiff, his employment duties with the plaintiff, his knowledge regarding the various sums of money set forth in the Complaint and/or Bill of Particulars and/or Further Bill of Particulars and whether or not he has been convicted of a crime". If defendant fails to heed the directions of the referee, the parties are directed to appear "forthwith" before the court for a ruling. Defendant contends that the court abused its discretion because the discovery it granted infringes on his constitutional right against self incrimination. It is impossible for us, on this limited record lacking the pleadings and any part of the criminal proceedings, to determine whether or not plaintiff's prior questions called for incriminating answers. Generally, the privilege may only be asserted when the witness has *reasonable* cause to apprehend danger from a direct answer (see *Hoffman v United States,* 341 US 479, 486; *Southbridge Finishing Co. v Golding,* 208 Misc 846, 852, affd 2 AD2d 882). When it is patently clear that the witness' answer cannot subject him to prosecution, the witness may be compelled to answer (*People ex rel. Taylor v Forbes,* 143 NY

219, 231). It would appear that such is the case here since the complaint seeks to recover only sums involved in the 22 counts of the criminal indictment on which defendant has won acquittal. In any event, the procedures set up by Special Term are adequate to protect defendant's rights if the answers required by plaintiff's questions are incriminating. To the extent that any danger may reasonably exist, the referee and the supervising Judge should be fully able to protect defendant in the future. Since we are affirming that part of the order calling for defendant to testify under oath, we see no need for the production of defendant's personal income tax returns. Plaintiff's rationale for seeking them was to demonstrate defendant's facility with figures and accounts, but in light of the disclosure ordered, the tax returns should not be necessary and under the general rule production should not be required of a party unless there is a strong showing of necessity (*Mamunes v Szczepanski,* 70 AD2d 684, 685; *Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830; and, see, *Matter of Glazer,* 86 AD2d 982). The order is modified therefore to strike out the direction that defendant produce his income tax returns. (Appeal from order of Supreme Court, Erie County, Stiller, J. — discovery.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Doerr, JJ.