■ STATE OF NEW YORK et al., Appellants, v CAREY RESOURCES, INC., et al., Respondents. — In an action, *inter alia,* to recover statutory penalties for violations of articles 12 and 13 of the Navigation Law and ECL articles 17 and 71, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 17, 1983, as granted a motion for a protective order made by defendant Carey Resources, Inc., pursuant to CPLR 3103, and stayed further discovery pending the disposition of criminal proceedings against defendant Martin Carey. Order reversed, insofar as appealed from, with costs, and matter remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. Defendant Martin T. Carey (Carey) is the sole stockholder and officer of Carey Resources, Inc. (Resources), a corporation which owns a petroleum storage facility in Mattituck, New York. Resources leased the facility to defendant Mattituck Terminal, Inc., which permitted defendant Vantage Petroleum to store petroleum on the premises. Plaintiffs commenced this action, as *parens patriae,* alleging that the defendants illegally operated the petroleum storage and transfer facility without securing a license and in violation of other applicable Federal and State regulations. An injunction was sought prohibiting defendants from continuing to operate the facility as well as imposition of the penalties set forth in articles 12 and 13 of the Navigation Law and ECL articles 17 and 71. By interrogatories, plaintiffs requested that Resources identify, or in the alternative produce, documents related to various aspects of the facility's operation and its business transactions with the other defendants. Resources moved, pursuant to CPLR 3103, for a protective order on several grounds, including a claim that the responses might tend to incriminate Carey personally. Plaintiffs cross-moved to compel Resources to answer (CPLR 3124). Special Term granted Resources' motion in part, staying all further discovery pending the disposition of a criminal investigation with respect to Carey and granted plaintiffs' cross motion to compel discovery with respect to other defendants. It held that the disclosure of the information sought in the interrogatories would violate Carey's privilege against self incrimination (US Const, 5th Amdt; NY Const, art I, § 6; CPLR 4501) which he invoked. We reverse the order, insofar as appealed from, and remit for an *in camera* hearing. It is basic that the privilege against self incrimination is a personal right which cannot be invoked by, or on behalf of, a corporation (*United States v White,* 322 US 694, 698-699; *James v Hotel Gramatan,* 251 App Div 748, 749). Similarly, an agent or officer of the corporation cannot invoke the privilege and decline to produce records and documents of the corporation over which he has custody in a representative capacity, even if the contents of the documents would personally incriminate him (*Curcio v United States,* 354 US 118, 122-123; *United States v White, supra,* p 699; *Wilson v United States,* 221 US 361; *People v MacLachlan,* 58 AD2d 586; *Bank of Buffalo v Skinitis,* 36 AD2d 891) and even if the officer is the sole shareholder of the corporation (*Matter of Brennick v Hynes,* 68 AD2d 980, mot for lv to app den 47 NY2d 706; *Hair Ind. v United States,* 340 F2d 510, cert den 381 US 950; *United States v Fago,* 319 F2d 791, cert den 375 US 906). Nonetheless, the person producing the books and records held in a representative capacity cannot be compelled to give oral testimony concerning them if his answers may incriminate him (*People v MacLachlan, supra; Triangle Pub. v*

*Ferrare,* 4 AD2d 591, 595; *Bradley v O'Hare,* 2 AD2d 436, 441) and, of course, the privilege remains applicable to personal records (*Bank of Buffalo v Skinitis, supra*). That the witness may invoke the privilege against self incrimination is not a basis for precluding civil discovery (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.39; cf. *Watson v State of New York,* 53 AD2d 798; *Hudson Tire Mart v Aetna Cas. & Sur. Co.,* 518 F2d 671) and a blanket refusal to answer cannot, absent unique circumstances not present here, be sustained (see *Steinbrecher v Wapnick,* 24 NY2d 354; *David Webb, Inc. v Rosenstiel,* 66 Misc 2d 29, 30, affd 36 AD2d 691; *People v Spinelli,* 81 Misc 2d 273, 279). The privilege may only be asserted when the witness has a reasonable cause to apprehend danger from a direct answer (see *Hoffman v United States,* 341 US 479, 486; *State of New York v Skibinski,* 87 AD2d 974; *Southbridge Finishing Co. v Golding,* 208 Misc 846, 852, affd 2 AD2d 882). While the witness is generally the best judge of whether an answer may tend to be incriminating (*People v Arroyo,* 46 NY2d 928, 930; *Matter of Grae,* 282 NY 428, 434; *People ex rel. Taylor v Forbes,* 143 NY 219, 230-231; *Triangle Pub. v Ferrare, supra,* p 593), when the danger of incrimination is not readily apparent, the witness may be required to establish a factual predicate (*People v Priori,* 164 NY 459, 465; *United States v Roundtree,* 420 F2d 845; 8 Wigmore, Evidence [McNaughton rev, 1961], § 2271). In order to effectively invoke his privilege against self incrimination, Carey must make a particularized objection to each discovery request (*Capitol Prods. Corp. v Hernon,* 457 F2d 541; *United States v Roundtree, supra; People v Spinelli, supra*). The proper procedure, therefore, is to remit the case to the Supreme Court, Suffolk County, to conduct an *in camera* inquiry to assess the validity of the assertion of the privilege upon such particularized objections (cf. *State of New York v Skibinski, supra; Capitol Prods. Corp. v Hernon,* 457 F2d 541, 544, *supra; Slater v Slater,* 78 Misc 2d 13, 16). Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.