OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Petitioners, two New Jersey corporations doing business in New York and the president of both corporations, have moved to quash subpoenas requiring them to produce records kept in New Jersey for inspection by a New York County Grand Jury investigating complaints of Medicaid fraud. The sole issue on appeal is whether the issuance of compulsory process pursuant to CPL 640.10, the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings, is the exclusive means by which an out-of-State corporation doing business in New York may be compelled to produce out-of-State documents at a criminal proceeding within New York. We hold that it is not.
Pursuant to CPL 610.10, a person “within the state” may be *702 required to attend a criminal proceeding and to produce specified physical evidence by the issuance and service upon him of a subpoena. Because the corporate petitioners at whom respondent’s subpoenas were directed were doing business in New York within the meaning of CPLR 301, they were within the State for jurisdictional purposes (see, Laufer v Ostrow, 55 NY2d 305, 309-310; Tauza v Susquehanna Coal Co., 220 NY 259, 267-268) and, therefore, subject to subpoenas served pursuant to CPL 610.40. Personal service upon the principal of the corporate petitioners constituted satisfactory service (see, CPLR 2303, 311). Thus, the lower courts correctly required petitioners to produce all documents within their control, regardless of location (see, Matter of Standard Fruit & S. S. Co. v Waterfront Commn., 43 NY2d 11, 15-16). To the extent that Matter of Brennick v Hynes (68 AD2d 980, lv denied 47 NY2d 706) reaches a contrary result, it is not to be followed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.