■ FLUSHING NATIONAL BANK, Appellant, v TRANSAMERICA INSURANCE COMPANY, Defendant. JEFFREY SHANKMAN, Nonparty Respondent.—In an action on a blanket employee fidelity bond and an excess fidelity bond issued by the defendant Transamerica Insurance Co., the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated December 15, 1986, which denied its motion, inter alia, to compel Jeffrey Shankman, a nonparty witness, to comply with a judicial subpoena duces tecum dated October 29, 1985.

Ordered that the order is reversed, without costs or disbursements, and the motion is granted to the extent that upon written notice of not less than 10 days, or at such time and place as the parties may agree, Jeffrey Shankman is directed to comply with the judicial subpoena duces tecum dated October 29, 1985, in accordance herewith.

We agree with the Supreme Court that Jeffrey Shankman should not be precluded from invoking his privilege against self-incrimination with respect to any questions to be asked or any documents to be produced in compliance with a judicial subpoena duces tecum dated October 29, 1985 (see, Hoffman v United States, 341 US 479; Steinbrecher v Wapnick, 24 NY2d 354, rearg denied 24 NY2d 1038; State of New York v Carey Resources, 97 AD2d 508).

Nevertheless, under the circumstances, Shankman should have been compelled to raise his privilege at the deposition with regard to each question to be asked and with respect to each document required to be produced by him *(see, State of New York v Carey Resources, supra)*. Whether the privilege should be sustained is to be governed by "the implications of the question, in the setting in which it is asked" *(Hoffman v United States, supra,* at 486; *see, Steinbrecher v Wapnick, supra)*. "The privilege may only be asserted when the witness has a reasonable cause to apprehend danger from a direct answer (see, *Hoffman v United States [supra,* at] 486; *State of New York v Skibinski,* 87 AD2d 974; *Southbridge Finishing Co. v Golding,* 208 Misc 846, 852, affd 2 AD2d 882). While the witness is generally the best judge of whether an answer may tend to be incriminating *(People v Arroyo,* 46 NY2d 928, 930; *Matter of Grae,* 282 NY 428, 434; *People ex rel. Taylor v Forbes,* 143 NY 219, 230-231; *Triangle Pub. v Ferrare* [4 AD2d 591] 593), when the danger of incrimination is not readily apparent, the witness may be required to establish a factual predicate *(People v Priori,* 164 NY 459, 465; *United States v Roundtree,* 420 F2d 845; 8 Wigmore, Evidence [McNaughton rev, 1961], § 2271)" *(State of New York v Carey Resources, supra,* at 509).

Therefore, the appellant's motion is granted to the extent indicated. At the deposition, as noted, Shankman may invoke his privilege against self-incrimination, and the parties, if they be so advised, may seek appropriate rulings from the Supreme Court concerning any invocation of the privilege against self-incrimination by Shankman *(see, Slater v Slater,* 78 Misc 2d 13, 16; *see also, Matter of Lieb v Henry,* 99 AD2d 757; *State of New York v Carey Resources, supra)*. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.