■ CHASE MANHATTAN BANK, NATIONAL ASSOCIATION, Respondent, v FEDERAL CHANDROS, INC., et al., Appellants.—In a proceeding to punish the defendants for contempt based upon their failure to respond to information subpoenas served upon them by the plaintiff, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), dated November 20, 1987, which granted the application and adjudged them to be in contempt.

Ordered that the order and judgment (one paper) is affirmed, with costs.

On February 11, 1987, the defendants Michael and Thomas Gelb were indicted by a United States Grand Jury in the Southern District of New York for various counts of fraud and

racketeering. Approximately three months later, the plaintiff, The Chase Manhattan Bank, National Association, obtained a judgment of nearly $1,000,000 against the defendants. In an effort to enforce this judgment, the plaintiff served information subpoenas on the defendants pursuant to CPLR 5224 (a) (3). When the defendants failed to respond to the subpoenas, the plaintiff commenced the instant proceeding to punish them for contempt.

Although the defendants opposed the contempt application by invoking, for the first time, their Fifth Amendment privilege against self-incrimination, the Supreme Court held that the defendants had waived any such protections to which they might otherwise have been entitled by failing to timely assert the privilege. Accordingly, the court granted the plaintiff's application and found the defendants guilty of contempt. The defendants now appeal.

It is well settled that a blanket refusal to answer questions based upon the Fifth Amendment privilege against self-incrimination cannot be sustained absent unique circumstances, and that the privilege may only be asserted where there is reasonable cause to apprehend danger from a direct answer *(see, State of New York v Carey Resources,* 97 AD2d 508; *People v MacLachlan,* 58 AD2d 586). Moreover, in order to effectively invoke the protections of the Fifth Amendment, a party must make a particularized objection to each discovery request *(see, State of New York v Carey Resources, supra).* Guided by the foregoing principles, we conclude that the defendants' blanket invocation of the privilege against self-incrimination, even as to questions as innocuous as their names, their marital status and their addresses, cannot be sustained.

We further find, as did the Supreme Court, that the defendants, in any event, failed to assert the privilege in a timely fashion. Accordingly, the defendants are deemed to have waived the protections afforded thereunder *(see, Abramowitz v Abramowitz,* 137 NYS2d 442; *see also, People v Bretts,* 111 AD2d 864). Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.