■ CHILD C., an Infant, et al., Appellants-Respondents, v FLEMING SCHOOL et al., Defendants, and SETH B., Respondent-Appellant.

The infant plaintiff, a former student at the defendant Fleming School, sues for damages occasioned by sexual abuse committed by defendant Seth B., a teacher at the school. Seth B. pleaded guilty in New York County to sexual abuse in the second degree admitting subjecting plaintiff and another underaged person to sexual conduct.

At his examination before trial, defendant refused to answer questions with regard to his employment at Fleming School, the infant plaintiff, and his post-college history. He further asserted a physician/patient privilege with regard to whether he had ever received psychiatric care.

Plaintiffs moved to compel discovery and defendant cross-moved for a protective order.

The IAS court granted and denied both in part determining that there was an actual possibility of criminal prosecution arising from defendant's abuse of other youths at the school. It required defendant to answer questions with respect to the incidents he admitted in his guilty plea, however, and questions regarding his employment, i.e. when he began his employment there, whether he had a contract, etc. The court further ruled that defendant should not be compelled to respond to any questions regarding psychiatric care, including whether he ever sought such care.

With regard to questions concerning defendant's prior employment history, the court permitted the defendant to submit an *in camera* affirmation. In view of the representations made in defendant's affirmation (which we have also seen), the court directed that defendant should not be required to answer questions relating to his employment history prior to his hiring by the Fleming School.

Defendant himself concedes that the statute of limitations set forth in CPL 30.10 (2) (b), which is five years, will expire in March, 1992, as to any possible offense committed at the Fleming School.

Accordingly, rather than parsing the questions to ascertain which would have tended to incriminate defendant, we modify to direct that defendant be deposed at a mutually acceptable date after March 30, 1992, at which questioning on all areas relating to the events at the Fleming School may be pursued. This, in fact, was the alternate relief requested by defendant in his motion for a protective order. There is no doubt the Supreme Court has the discretion to stay a civil proceeding

pending the outcome of a related criminal proceeding. We see no prejudice to plaintiffs in a short delay of the deposition until the risk of any criminal prosecution arising from the events at the Fleming School has passed.

As to defendant's psychiatric treatment, plaintiffs concede that the privilege protects the testimony of the patient as well as the physician. *(Hughson v St. Francis Hosp.,* 93 AD2d 491.) However, it has not been shown that the privilege which applies to the physician/patient relationship under CPLR 4504, or to a psychologist under CPLR 4507, pertains to the fact only that treatment was sought, as opposed to the content of the communications. *(See, Upjohn Co. v United States,* 449 US 383.) Plaintiffs should, therefore, be permitted to inquire into the fact of treatment.

In view of the delay in the deposition, we further modify the IAS court order to allow questions as to defendant's employment history prior to the Fleming School. Defendant, however, may, if so advised, raise the objections, made previously *in camera,* as to these questions. The parties can then obtain a ruling from the IAS court according to the circumstances which prevail at that time. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.