■ EDP MEDICAL COMPUTER SYSTEMS, INC., Appellant, v SEARS, ROEBUCK AND CO., Respondent. [597 NYS2d 461] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated January 7, 1991, as granted the defendant's motion for leave to depose nonparty witness Bernard Gelb in prison. The appeal brings up for review so much of an order of the same court, dated July 26, 1991, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated January 7, 1991, is dismissed, as that order was superseded by the order dated July 26, 1991, made upon reargument; and it is further,

Ordered that the order dated July 26, 1991, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Upon our review of the record, we find that the Supreme Court properly exercised its discretion in granting the defendant's motion for leave to depose nonparty witness Bernard Gelb, who is presently incarcerated in a Federal correctional facility in Pennsylvania *(see,* CPLR 3106 [c]). In this regard, we note that Gelb was an officer and director of the plaintiff corporation at the time the parties entered into the licensing agreement which is the subject matter of this lawsuit, and

that the defendant has established that Gelb's deposition is relevant and necessary to its preparation for trial *(see, Tahini Invs. v Bobrowsky,* 99 AD2d 489). Moreover, the plaintiff corporation has no standing to assert Gelb's privilege against self incrimination, since the privilege is a personal right which cannot be invoked by a corporation *(see, United States v White,* 322 US 694, 698-699; *State of New York v Carey Resources,* 97 AD2d 508; *People v Kozer,* 33 AD2d 617). Finally, we note that the plaintiff has failed to demonstrate any basis for its claim that the Supreme Court improvidently exercised its discretion in directing that Gelb's deposition be recorded on videotape, as permitted by CPLR 3113 (b) and 22 NYCRR 202.15 (c). Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.