■ In the Matter of the Claim of VALERIE SCHWAB, Respondent. GLENN J. MARIE, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [650 NYS2d 359] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 10, 1995, which ruled, *inter alia*, that claimant was eligible to receive unemployment insurance benefits.

Claimant was employed as an office manager in the office of the employer dentist from June 1990 until October 12, 1994, when she quit her employment, asserting that the employer had raped her. The Board found that claimant was eligible for unemployment insurance benefits because she left her employment for good cause. The employer appeals, contending that the decision is not supported by substantial evidence. We disagree.

Determination of whether a claimant left his or her employment for good cause raises a factual issue to be determined by the Board and such determination will not be disturbed so long as it is based upon substantial evidence (*see, Matter of Horton [Hartnett]*, 176 AD2d 1103, 1104-1105). The record herein includes unrebutted testimony from claimant describing numerous acts of sexual assault, both physical and verbal, perpetrated against claimant by the employer in the course of her employment. This testimony was sufficient to support the decision under review.

We reject the employer's contention that he was denied the right to be heard at the administrative hearings previously held in this matter. The employer repeatedly failed to appear at the scheduled hearings and now contends that his absence was occasioned by his exercise of his 5th Amendment right to avoid self-incrimination inasmuch as both criminal and civil actions, initiated by claimant, were pending against him. To exercise his rights under the 5th Amendment, however, the employer was obliged to attend the hearings so that his right to remain silent could be determined on a question-by-question basis (*see, Flushing Natl. Bank v Transamerica Ins. Co.*, 135 AD2d 486, 487). Having failed to do so, the employer may not now assert that his constitutional rights have been violated.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.