◼ In the Matter of the Claim of Scott A. Halpern, Respondent, Chapdelaine Corporate Securities, Appellant; Commissioner of Labor, Respondent. [696 NYS2d 581] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 3, 1998, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a bond broker, began working for the employer, a securities firm, on October 30, 1997. He subsequently resigned due to the employer's failure to provide him with a smoke-free work environment. Following a hearing, the Unemployment Insurance Appeal Board found that claimant had good cause to leave his employment and was entitled to receive unemployment insurance benefits. The employer appeals.

We affirm. We note that "[w]hile general dissatisfaction with job conditions is not a valid excuse to terminate employment and receive benefits, fear for one's personal safety may constitute good cause for leaving employment" (*Matter of Lyman [National Tractor Trailer School—Sweeney]*, 247 AD2d 812;

*see, Matter of Hughes [Hartnett]*, 198 AD2d 647, 648, *lv denied* 83 NY2d 751). In our opinion, such fear may involve health-related matters. This is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence in the record (*see, Matter of Lyman [National Tractor Trailer School—Sweeney], supra,* at 813; *Matter of Schwab [Sweeney]*, 233 AD2d 732).

It is undisputed that, at the time claimant commenced his employment, the employer permitted cigarette smoking on the trading floor where claimant was to work and various employees smoked at their desks. Claimant testified that, upon becoming aware of this condition, he immediately informed his supervisor that he was allergic to cigarette smoke and something had to be done about it. Claimant stated that exposure to smoke caused him to become nauseous, experience headaches and engage in coughing spasms. He indicated that he became physically ill upon being exposed to the smoke in this work place. According to claimant, the employer refused to change its smoking policy and suggested that claimant sit at a desk by an open window. Claimant stated that when his complaints persisted, the employer offered to help him regain his job with his former employer. Claimant worked on November 10, 1997 but did not return thereafter.

Notwithstanding the lack of medical evidence substantiating claimant's allergy to cigarette smoke, there is substantial evidence in the record supporting the Board's conclusion that claimant had good cause to leave his employment. The employer's policy was a clear violation of applicable smoking regulations (*see,* New York City Administrative Code § 17-504; *see generally,* Public Health Law art 13-E) and the health hazards posed by secondhand cigarette smoke are well known (*see generally, Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.,* 83 NY2d 315, 322). Although the employer presented proof that it attempted to alleviate the problem by installing a smoking booth after claimant left, claimant testified that the employer never informed him that it intended to install such a booth or take other remedial measures. The conflicting testimony merely presented a credibility issue for the Board to resolve (*see, Matter of Singh [Sweeney]*, 247 AD2d 666). Therefore, we find no reason to disturb the Board's decision. We have considered the employer's remaining claims and find them to be without merit.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.