■ STATE OF NEW YORK et al., Respondents, v LOUIS F. SINISGALLI et al., Defendants, and DONNA CACECI, Appellant. [782 NYS2d 493]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 3, 2003. The order, insofar as appealed from, denied that part of the motion of defendant Donna Caceci to disqualify the Attorney General as counsel for plaintiffs and, with the exception of certain state and federal tax returns, denied that part of her motion for a protective order concerning plaintiffs' request for production of certain documents.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that the protective order includes the tax records requested in demand C of plaintiffs' request for production of documents and as modified the order is affirmed without costs.

Memorandum: Defendant Donna Caceci appeals from an order that denied that part of her motion to disqualify the Attorney General as counsel for plaintiffs and, with the exception of her state and federal tax returns for the years 1990 through 1999, denied that part of her motion for a protective order concerning plaintiffs' request for production of documents. Supreme Court properly granted the protective order with respect to Caceci's tax returns, which are requested in demand E. Caceci invoked the Fifth Amendment privilege against self-incrimination, asserting that her response could constitute a link in a possible chain of evidence in a tax evasion prosecution. Because the documents requested in demands C and D were corporate documents, Caceci could not invoke the privilege with respect to them, even if they incriminated her (see Matter of Cappetta, 42 NY2d 1066, 1067 [1977]; State of New York v Carey Resources, 97 AD2d 508, 509 [1983]). However, we agree with Caceci that, insofar as demand C requests "tax records," it places her in the same jeopardy of a tax evasion prosecution as demand E (see Hoffman v United States, 341 US 479, 486 [1951]). Consequently, we modify the order by providing that the protective order includes the tax records requested in demand C.

Demands F and G, requesting all documents evidencing Caceci's authority to sign documents, do not request documents that Caceci did sign, so she has no "reasonable cause to apprehend danger [of a forgery conviction] from a direct answer"

(*Carey Resources*, 97 AD2d at 509). Consequently, the court properly determined that the privilege does not apply to the documents requested in demands F and G (*see id.*). Finally, the court properly exercised its discretion in denying that part of Caceci's motion to disqualify the Attorney General (*see Bison Plumbing City v Benderson*, 281 AD2d 955 [2001]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.