In the Matter of RICHARD J. CONDON, as Special Commissioner of Investigation for the New York City School District, Respondent, v THE INTER-RELIGIOUS FOUNDATION FOR COMMUNITY ORGANIZATION, INC., Appellant. In the Matter of RICHARD J. CONDON, as Special Commissioner of Investigation for the New York City School District, Respondent, v LUCIUS WALKER, JR., Appellant. [856 NYS2d 620]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered January 17, 2008, which granted the petitions to compel compliance with subpoenas duces tecum directed to respondents and denied their cross motions to quash the subpoenas, unanimously affirmed, without costs.

Petitioner has established a factual basis for his investigation of possible misconduct by teachers employed by the Department of Education (DOE) in connection with trips to Cuba by students attending a DOE high school, the relevance of evidence he seeks, and his authority for issuing subpoenas for that evidence (*see Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916 [1969], *cert denied* 395 US 959 [1969]). While it is undisputed that the federal government has preempted the field with respect to enforcement of laws and regulations concerning travel to Cuba for educational purposes (*see* 31 CFR 515.565; *Miami*

*Light Project v Miami-Dade County,* 97 F Supp 2d 1174 [SD Fla 2000]), petitioner's investigation involves distinct issues within his jurisdiction and does not require a determination as to whether any federal laws were actually violated in connection with the trip. Respondent Reverend Walker submitted evidence that the federal agency charged with enforcement of Cuban embargo regulations has requested information, apparently directed at determining whether respondent Foundation has been impermissibly acting as a travel service provider for trips to Cuba. Whether or not such an investigation is proceeding, petitioner's investigation is directed solely at whether DOE employees committed misconduct in the scope of their employment. Therefore, petitioner's investigation is not preempted by federal law or in conflict with any federal investigation of the Foundation.

Respondents made no prima facie showing that any encroachment on their liberties would result from the disclosure sought, and thus petitioner was not required to demonstrate a compelling need for the information (*see New York State Natl. Org. for Women v Terry,* 886 F2d 1339, 1354-1355 [2d Cir 1989], *cert denied* 495 US 947 [1990]). Nor do the subpoenas, which seek documents related to specific trips and not membership lists, on their face implicate core First Amendment concerns of freedom of association that would require some heightened showing to warrant disclosure (*cf. Federal Election Commn. v Larouche Campaign,* 817 F2d 233 [2d Cir 1987]).

The hearing court correctly ruled that the Fifth Amendment privilege was not generally available to the Foundation, and that Reverend Walker was required to assert a privilege individually in response to particular questions (*Flushing Natl. Bank v Transamerica Ins. Co.,* 135 AD2d 486 [1987]). Since he has already done this, the issue is academic. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ. [*See* 18 Misc 3d 874 (2008).]