Fernandez v State of New York (2024 NY Slip Op 24302)

[*1]

Fernandez v State of New York

2024 NY Slip Op 24302

Decided on November 25, 2024

Court of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 25, 2024
Court of Claims

Pablo Fernandez, Claimant,

against
The State of New York, Defendant.

Claim No. 134918

For Claimant:
Neufeld Scheck, Brustin, Hoffmann & Freudenberger, LLP
By: Mary K. McCarthy, Emma Freudenberger, Rhianna Rey, Esqs.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
By: Daniel J. Beller, Steven Banks and Kerissa N. Baron, Esqs.
For Defendant:
No appearance

Javier E. Vargas, J.

Papers Considered:
Notice of Motion, Affirmation & Exhibits Annexed 1-13
Upon the foregoing papers and for the following reasons, the unopposed Motion by Claimant Pablo Fernandez (hereinafter "claimant"), to compel certain testimony despite invocation of the Fifth Amendment privilege against self-incrimination, is hereby granted.
By Verified Claim filed June 12, 2020, the claimant commenced the instant action seeking to recover damages against Defendant State of New York (hereinafter "State") for wrongful conviction and imprisonment, pursuant to Court of Claims Act § 8-b, after being allegedly wrongfully convicted and incarcerated for almost 25 years in State correctional facilities for the 1993 murder of a known Manhattan gang dealer, Ramon "Manny" Quintero. The Claim alleges that the claimant's criminal conviction resulted from the testimony of certain witnesses who falsely identified him as the murderer, but who have since recanted their story claiming they were coerced and pressured by a former New York City Police Department [*2](hereinafter "NYPD") officer, Albert J. Melino, the investigator and arresting officer. Following those recantations, the claimant's conviction was vacated by the United States Court of Appeals for the Second Circuit (see Fernandez v Capra, 916 F3d 215 [2d Cir 2019]). According to the Claim, in 1996, Mr. Melino was himself arrested and fired in the aftermath of the claimant's conviction after investigators discovered he had possessed and sold cocaine before joining the NYPD force in 1992.
In a Decision and Order dated February 11, 1997, the Supreme Court, New York County (Adlerberg, J.) dismissed the 1996 criminal indictment against then Police Officer Melino upon constitutional due process and speedy trial grounds after the court found no reasonable rationale to support the 47-month delay in prosecuting the case against him (see People v Melino, NYLJ, February 11, 1997, at 27, col. 1). Upon dismissal of the indictment, the criminal action and related files were automatically sealed pursuant to Criminal Procedure Law § 160.50 by that court. By Decision and Order filed August 25, 2023, this Court (Vargas, J.) denied the claimant's prior motion to unseal the underlying criminal records of the 1991 through 1992 narcotics-related criminal investigation of Mr. Melino.
Discovery proceedings have ensued throughout the years in the wrongful conviction case, with the matter being assigned to the undersigned on June 30, 2022. The claimant has obtained relevant records for this civil matter from the New York District Attorney's Office and the NYPD. Most of that paper discovery has been completed. Depositions of several individuals have also been completed, including those of the Assistant District Attorneys who prosecuted the case, Deborah Hickey and Jeanne Olivo, and even of former police officer Melino. However, during the latter's deposition on February 7, 2024, Melino declined to answer certain questions related to the 1990s criminal allegations, his arrest and the 1996 indictment for criminal possession and sale of a controlled substance. Although he answered most of the questions posed by claimant's counsel, when the subject matter turned to the underlying allegations of his arrest, he answered: "On [the] advice of counsel, I take the Fifth Amendment right" (Melino's Transcript [Tr.], Exh. E at 46, 50-59,78, 173).
Frustrated by those answers, by Notice of Motion filed July 31, 2024, the claimant moves for an order by this Court compelling Mr. Melino "to answer questions about his drug dealing in and around the early 90s" and his motivations for purportedly framing the claimant for the underlying murder (Notice of Motion, at 1). In support of his Motion, the claimant argues that Melino has no valid basis to invoke his privilege against compulsory self-incrimination under the Fifth Amendment both because of the prior dismissal of the charges against him and because of the length of time of over 30 years that has elapsed since the alleged crimes. Specifically, the claimant maintains that the NY County Supreme Court already dismissed Melino's criminal charges on speedy-trial grounds and neither the State nor the federal government can prosecute him any longer. And, in any event, the claimant maintains that the relevant statute of limitations to charge Melino for his alleged drug dealing crimes has expired long ago, citing for support, among others: Brown v Walker (161 US 591, 598 [1896]) and McCreery v Ghormley (9 App Div 221 [2d Dept 1896]). With the testimony, the claimant is essentially seeking to establish a connection between Melino's drug activities as the motive for framing the claimant with the murder to cover up other suspected drug dealers (Motion at 4, ¶ 5). Neither the State nor Mr. [*3]Melino [FN1]
has filed opposition to this Motion.
The Fifth Amendment to the United States Constitution provides that "[n]o person.., shall be compelled in any criminal case to be a witness against himself" (US Const Amend V; see NY Const, art I, § 6 [same]; CPLR 4501). The privilege against self-incriminating testimony not only embraces "answers that would in themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant" (Hoffman v United States, 341 US 479, 486 [1951]; see Ohio v Reiner, 532 US 17, 20 [2001]). This privilege also extends to testimony given in civil proceedings and related depositions, when the content of such testimony may subject the deponent to criminal liability (see Pillsbury Co. v Conboy, 459 US 248, 263-64 [1983]; U.S. v Certain Real Property & Premises Known as 4003-4005 5th Ave., 55 F3d 78, 82 [2d Cir 1995]; Spencer v City of Buffalo, 172 AD3d 1916 [4th Dept 2019]).
However, "[i]t is well settled that a blanket refusal to answer questions based upon the Fifth Amendment privilege against self-incrimination cannot be sustained absent unique circumstances, and that the privilege may only be asserted where there is reasonable cause to apprehend danger from a direct answer" (Matter of Astor, 62 AD3d 867, 869 [2d Dept 2009], quoting Chase Manhattan Bank Natl. Assn. v Federal Chandros, 148 AD2d 567, 568 [2d Dept 1989]). If the statute of limitations has run out or if immunity attaches with regard to a particular offense, a witness could not claim the privilege and refuse to testify (see Stogner v California, 539 US 607, 620 [2003], citing Brown v Walker, 161 US at 598), no matter how much other detriment, such as loss of reputation, would attach to his admissions (see Lloyd v Catholic Charities of the Diocese of Albany, 23 AD3d 783 [3d Dept 2005]; Child C. v Fleming Sch., 179 AD2d 460, 461 [1st Dept 1992]).
Applying these legal principles to the matter at bar, the claimant's Motion to compel Mr. Melino to testify as requested in this civil matter is granted. The claimant argues that he needs Melino's testimony about his potentially criminal activities in the 1990s to establish his motivation for purportedly framing the claimant for the underlying murder. When the claimant's counsel sought Melino's deposition testimony concerning his involvement in incriminating activity on behalf of the State or NYPD, the deponent almost surely could have been expected to make full use of his Fifth Amendment protection. The incriminating nature of the testimony appears to be "readily apparent" (id.). Mr. Melino did not improperly utilize a blanket denial to answer questions posed. To the contrary, he cooperated fully with the questioning until the claimant's counsel began asking detailed questions of his alleged 1991 drug dealing actions. 
However, since the statute of limitations has already expired for the relevant allegations of a criminal nature by Mr. Melino during the period of 1991 to 1992, he cannot assert his privilege against self-incrimination as he is "not excused from answering, or producing [*4]documents tending to prove [him] guilty of a criminal offense" because the "statute has run" for the drug offenses which occurred over 30 years ago (McCreery v Ghormley, 9 App Div 221, 222 [2d Dept 1896; see Child C. v Fleming Sch., 179 AD2d at 461; Tankleff v County of Suffolk, 2014 WL 11430842, *3 [EDNY, Wall, M., March 31, 2014]). Indeed, since the drug charges were dismissed on speedy trial grounds such a long time ago, the double jeopardy prohibition of the Fifth Amendment would likely also protect Melino from being indicted again for the same charges (see US Const 5th Amend; NY Const Art. 1, §6). He was already put in jeopardy of prosecution for that offense and the dismissal was not based on a finding of innocence or a procedural issue that would allow for a new trial at this late stage (see Benton v Maryland, 395 US 784, 794 [1969]).
Nevertheless, this Court will protect Mr. Melino's privilege against compulsory self-incrimination if claimant's counsel were to question him about allegations outside the 1990s drug charges, which may provide new evidence to be used by State or federal prosecutors to unearth any other crime or "provide the clues or [missing] links" to revive a pending or cold criminal case (Haftel v Appleton, 42 Misc 2d 292 [NY Sup Ct 1964], app dismissed 21 AD2d 651 [1st Dept 1964]). "'Where it is not so perfectly evident and manifest that the answer called for cannot incriminate, as to preclude all reasonable doubt or fair argument, the privilege must be recognized and protected'" (id. at 295-96, quoting People v Forbes, 143 NY 219, 231 [1894]). As such, Mr. Melino would have a "reasonable cause to apprehend danger from a direct answer" to the questions posed by claimant's counsel outside "his drug dealings in and around" the early 1990s (Hoffman v U.S., 341 US at 486; see State v Carey Resources, Inc., 97 AD2d 508, 509 [2d Dept 1983]). 
Even if Mr. Melino were to refute the allegations or decline to answer the questions properly posed by claimant's counsel, it becomes obvious to this Court that the claimant has enough additional evidence both testimonial and documentary of Melino's previous misconduct to eventually introduce at the bench trial of this matter, including the witnesses' testimony, their affidavits and the number of public articles about his misconduct (see e.g. James, G., Officer Lauded for Drug Fight Now Faces Charges, NY Times, Feb. 15, 1996, Sec. B, at 2; Rosenberg, R., Man Wrongfully Convicted of Murder Walks Free After 24 Years in Jail, New York Post, Sep. 29, 2019; Hawkins, J., Wrongfully Convicted NY Man Freed After 24 Years, Criminal Legal News, May 2020, at 49).
Moreover, Mr. Melino's failure to directly answer the claimant's questions permitted herein may itself serve as relevant evidence in this civil action. Although the Fifth Amendment prohibits judges or juries from treating a criminal defendant's assertion of the privilege as evidence of guilt, any "adverse inferences" may permissibly be drawn against parties to a civil action upon a proper motion (Baxter v Palmigiano, 425 US 308, 318 [1976]; see Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 42 [1980]). The US Supreme Court and the New York Court of Appeals have recognized the validity of an adverse inference against a party that "refuse[s] to testify in response to probative evidence offered against" him or her (id.), and several Circuits of the United States Court of Appeals have extended this principle to allow adverse inferences against a party on the basis of a nonparty's assertion of the privilege (see e.g., Coquina Invs. v TD Bank, N.A., 760 F3d 1300, 1310 [11th Cir 2014]; LiButti v United States, 107 F3d 110, 121, 123 [2d Cir 1997]; RAD Servs. v Aetna Cas. & Sur. Co., 808 F2d 271, 275 [3d [*5]Cir 1986]).
In accordance with the foregoing, the Court grants the claimant's Motion No. 101180, and Mr. Melino must testify as to his drug activities in 1991 and 1992 at the mutually scheduled deposition. Counsel is reminded of the status conference with the undersigned scheduled for December 16, 2024 at 10:00 a.m.
New York, New York
November 25, 2024
HON. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:Although Mr. Melino asserted during the February 2024 deposition that he had retained an attorney to represent him with respect to his assertion of his Fifth Amendment privilege (see Tr., Exh. E at 294), neither Mr. Melino nor any counsel has contacted the Court or provided any documents in opposition. Given the lack of any notice of appearance by counsel, the instant Motion was served upon Mr. Melino at his last known address in Florida (see Doc No. 126 affidavit of service.)